**Jesus M. PÉREZ–RUIZ, et al., Plaintiffs, Appellants,**

**v.**

**José CRESPO–GUILLÉN, et al., Defendants, Appellees.**

**Zoilo LOPEZ–DE JESUS, Plaintiff, Appellant,**

**v.**

**José CRESPO–GUILLÉN, et al., Defendants, Appellees.**

**Nos. 93–2264, 93–2267.**

United States Court of Appeals, First Circuit.

Heard May 2, 1994.

Decided June 2, 1994.

---

Before TORRUELLA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and CYR, Circuit Judge.

CYR, Circuit Judge.

Appellants Pérez and Lopez were arrested and detained in connection with separate incidents on July 31, 1990, in Santurce, Puerto Rico, and charged with selling cocaine. Both were released on bail after being detained for less than twenty-four hours. Perez was acquitted in August 1991 and the Lopez charges were dismissed "for lack of evidence" in March 1992.

On June 24, 1992, plaintiffs-appellants brought virtually identical civil rights actions under 42 U.S.C. § 1983, with pendent commonwealth law claims, essentially alleging that the cocaine charges were trumped up. Defendants-appellees are various law enforcement officers and officials of the Commonwealth of Puerto Rico allegedly involved in arresting and prosecuting appellants. The complaint asserts claims of false arrest, false imprisonment, and malicious prosecution. Appellants further claim that the alleged civil rights infractions were elements of a larger conspiracy against appellants and other businessmen.[1]

The Lopez and Pérez actions were assigned to different district judges. Defendants-appellees filed essentially identical motions to dismiss on the ground that the section 1983 claims were time-barred under the applicable one-year limitation borrowed from commonwealth law. See Lafont–Rivera v. Soler–Zapata, 984 F.2d 1, 3 (1st Cir.1993). After the district court denied the motion to dismiss the Lopez action, the two cases were consolidated under Fed.R.Civ.P. 42, and docketed to Judge Gierbolini who eventually dismissed the consolidated action on the grounds that the false imprisonment and false arrest claims were time-barred and the complaint failed to state an actionable section 1983 claim for malicious prosecution, 847

Enrique Bray, with whom Harvey B. Nachman, M. Georgina Carrion–Christiansen, and Nachman, Santiago, Bray, Guillemard & Carrion were on brief, for appellants.

Jacqueline D. Novas, Sp. Asst. to Atty. Gen., with whom Pedro A. Delgado Hernandez, Sol. Gen., was on brief, for appellees.

1. Appellants urge that we treat the alleged conspiracy as a "continuing violation." We need not address this contention. In view of our conclusion that appellants failed to plead an actionable claim for malicious prosecution, their time-barred claims for false arrest and false imprisonment in 1990 cannot be saved by any subsequent termination of their invalid malicious prosecution claims. See Mack v. Great American Atlantic & Pacific Tea Co., 871 F.2d 179, 183 (1st Cir.1989) ("In short, [continuing] violation or no, plaintiff retained the burden of demonstrating that some [violation] transpired within the appropriate time frame.").

F.Supp. 1, *see Torres v. Superintendent of Police*, 893 F.2d 404, 409 (1st Cir.1990) (only "egregious" misconduct implicates § 1983 remedy; "malicious prosecution standing alone does not implicate federally protected rights").

▌ Appellants first challenge the dismissal order on the ground that the earlier district court ruling denying the motion to dismiss in the Lopez action became the "law of the case" in the consolidated action. Appellants misapprehend the "law of the case" doctrine. Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case. *Union Mut. Life Ins. Co. v. Chrysler Corp.*, 793 F.2d 1, 15 (1st Cir.1986) (citing 1B James W. Moore et al., *Moore's Federal Practice* ¶ 0.404[4.1], at 124 n. 4 ("[U]ntil entry of judgment, [interlocutory orders] remain subject to change at any time. *The doctrine of law of the case does not limit the power of the court in this respect.*") (emphasis added) (2d ed. 1993)); *see also Commerce Oil Refining Corp. v. Miner*, 303 F.2d 125, 128 (1st Cir.1962) ("a ruling denying a motion to dismiss is not the law of the case, and is not final even in the district court"). Second, although the law of the case doctrine implements an important judicial policy against reconsidering settled matters, it "is neither an absolute bar to reconsideration nor a limitation on a federal court's power." *United States v. Rivera–Martinez*, 931 F.2d 148, 150–51 (1st Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 184, 116 L.Ed.2d 145 (1991).

Appellants also challenge the merits of the dismissal order. We review Rule 12(b)(6) dismissals under the rubric that all reasonable inferences from properly pleaded facts are to be drawn in appellants' favor. *The Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989).

▌ The district court concluded that the malicious prosecution claim, whether construed as asserting a substantive or a procedural due process violation, was not actionable under section 1983. *Torres*, 893 F.2d at 409. ("[T]o state a claim under section 1983, the complaint must assert that the malicious conduct was so egregious that it violated substantive or procedural due process rights under the Fourteenth Amendment.") An actionable section 1983 malicious prosecution claim based on a substantive due process deprivation must allege "conscience-shocking" conduct by the defendants. *Id.* at 410 (citations omitted). A procedural due process claim is not actionable unless, *inter alia,* no adequate "post-deprivation remedy" is available under state law. *Id.*

Neither their appellate brief nor their complaints identify the due process theory undergirding appellants' section 1983 malicious prosecution claim. Nevertheless, the district court's analysis and application of *Torres,* which stated the controlling law of this circuit at the time this case was decided, seems entirely correct. Since then, moreover, appellants' position has become even less tenable in light of the Supreme Court's decision in *Albright v. Oliver,* —— U.S. ——, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). *Albright* would appear virtually to foreclose reliance on substantive due process as the basis for a viable malicious prosecution claim under section 1983—superseding even *Torres'* very limited tolerance of reliance on substantive due process in this area. Four Justices concluded that a section 1983 claim alleging malicious prosecution cannot be predicated on "open-ended" conceptions of substantive due process. *See id.* at ——, 114 S.Ct. at 810–19 (Opinion of Rehnquist, C.J., joined by O'Connor, Scalia, and Ginsburg, JJ.).[2] Moreover, two Justices, in a concurring opinion, found that the availability of an adequate state remedy precluded reliance on section 1983. *See id.* at ——, 114 S.Ct. at 817–19. (Opinion of Kennedy, J., joined by Thomas, J.). Justice Souter, in a separate concurrence, concluded that Albright had demonstrated no distinct injury from the alleged malicious prosecution, and that his custody-based claims were better addressed under the

---

**2.** The *Albright* plurality summarized its position at the end of footnote 4, —— U.S. at ——, 114 S.Ct. at 811, as follows:

In view of our disposition of this case, it is evident that substantive due process may not furnish the constitutional peg on which to hang such a "tort."

Fourth Amendment. *See id.* at —— – ——, 114 S.Ct. at 819–22 (Opinion of Souter, J.).

Lastly, the availability of an adequate remedy for malicious prosecution under commonwealth law, *see* P.R.Laws Ann. tit. 31, § 5141 (1991), is fatal to appellants' procedural due process claim. *Smith v. Massachusetts Dep't of Correction,* 936 F.2d 1390, 1402 (1st Cir. 1991); *see also Albright v. Oliver,* 975 F.2d 343, 347 (7th Cir.1992) ("The multiplication of remedies for identical wrongs, while gratifying for plaintiffs and their lawyers, is not always in the best interest of the legal system or the nation."), *aff'd,* —— U.S. ——, 114 S.Ct. 807 (1994).

*Affirmed.*