USCA1 Opinion

 

 October 13, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1660 JOHN YATES, Plaintiff, Appellant, v. MICHAEL A. GAWEL, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Bownes, Senior Circuit Judge, and ____________________ Stahl, Circuit Judge. _____________ ____________________ Arthur E. Chatfield, III on brief for appellant. ________________________ Marc DeSisto and Kathleen Powers, on brief for appellee. ____________ _______________ ____________________ ____________________ Per Curiam. Appellant John Yates appeals the granting __________ of judgment as a matter of law to appellee Officer Michael Gawel of the Foster Police Department on appellant's claims of civil rights violations, due to appellee's alleged malicious prosecution and false arrest of appellant, and appellant's state law claim of malicious prosecution. We affirm. Judgment as a matter of law was properly granted on appellant's claim for malicious prosecution under 42 U.S.C. 1983 because appellant failed to show that he had suffered a deprivation of either his substantive or procedural due process rights under the Fourteenth Amendment. See Senra v. ___ _____ Cunningham, 9 F.3d 168, 173 (1st Cir. 1993). Appellant __________ produced no evidence, such as that he had been physically abused, detained or prosecuted on racial or political grounds, which would support a jury finding that he had suffered a substantive due process violation.1 See id. His ___ __ failure to demonstrate that the Rhode Island state law remedy for malicious prosecution was inadequate to rectify any harm he might have suffered is fatal to his procedural due process claim. Id. __ ____________________ 1. Moreover, the recent Supreme Court case of Albright v. ________ Oliver, 114 S.Ct. 807 (1994), "would appear virtually to ______ foreclose reliance on substantive due process as the basis for a viable malicious prosecution claim under section 1983." Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994). __________ ______________ To establish a claim of malicious prosecution under Rhode Island state law, appellant needed to prove, inter _____ alia, that Officer Gawel lacked probable cause to initiate a ____ criminal proceeding against him. Id. at 174. Such a finding __ was precluded in the instant case, by the fact that appellant had previously been found guilty of the criminal charge in question after trial in the Rhode Island District Court. Even though this verdict was reversed after a jury trial in the Rhode Island Superior Court, the determination by the Rhode Island District Court is nevertheless determinative on the issue of probable cause under Rhode Island law. See Nagy ___ ____ v. McBurney, 120 R.I. 925, 931, 392 A.2d 365, 368 (1978) ("a ________ judicial determination by a court of original jurisdiction in favor of the person who initiated . . . proceedings is generally held to be conclusive evidence of probable cause, even though that determination is ultimately reversed on appeal, unless it is shown to have been obtained by fraud or other imposition upon the court") (citing cases). Finally, Gawel presented sufficient, uncontradicted evidence to demonstrate that he had a reasonable belief that probable cause existed to arrest appellant. Therefore, Gawel was entitled as a matter of law to qualified immunity from the claim that he had violated appellant's civil rights through a false arrest. See Ricci v. Urso, 974 F.2d 5, 7 ___ _____ ____ (1st Cir. 1992). -3- Affirmed. ________ -4-