USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1193 RICARDO CALERO-COLON, ET AL., Plaintiffs, Appellants, v. ISMAEL BETANCOURT-LEBRON, ETC., ET AL., Defendants, Appellees.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Daniel R. Dominguez, U.S. District Judge] ___________________  ____________________ Selya, Cyr and Lynch, Circuit Judges. ______________  ____________________ Jose A. Pagan Nieves, with whom Elisa A. Fumero Perez, Jose A. _____________________ ______________________ _______ Pagan Nieves Law Offices and Nector Robles Abraham were on brief for ________________________ ______________________ appellants. Lorraine J. Riefkohl, Assistant Solicitor General, with whom _____________________ Carlos Lugo-Fiol, Solicitor General, and Jacqueline Novas-Debien, _________________ ________________________ Deputy Solicitor General, were on brief for appellees.  ____________________ October 17, 1995  ____________________ CYR, Circuit Judge. Ricardo Calero-Col n ("Calero") CYR, Circuit Judge. _____________ and Eric Robles-Abraham ("Robles") challenge a district court ruling dismissing their civil rights action under 42 U.S.C.  1983 for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). As the district court ___ incorrectly concluded that their claims were time-barred, we vacate the judgments and remand for further proceedings.  I I BACKGROUND1 BACKGROUND __________ On February 9, 1993, Calero commenced this action against various police officers of the Commonwealth of Puerto Rico and their confidential informants. Robles followed suit on November 2, 1993, and the cases were consolidated. At the heart of both complaints are allegations that Jos Crespo-Guill n ("Crespo") an undercover Puerto Rico police officer and a confidential informant named Rosa, persuaded certain Commonwealth authorities to provide front money for undercover drug buys which never were intended to take place. The complaints asserted that Crespo and Rosa falsely identified appellants as the "sellers" in two concocted undercover drug buys, thereby causing arrest warrants to issue against each. Calero was arrested on August 1, 1990, and Robles on March 20, 1992, for allegedly selling one ounce of cocaine to Crespo. On July 1, 1992, Calero was acquit-  ____________________ 1Rule 12(b)(6) dismissals are reviewed under the rubric that all reasonable inferences from well-pleaded facts are to be drawn in appellants' favor. P rez-Ruiz v. Crespo-Guill n, 25 F.3d 40, __________ ______________ 42 (1st Cir. 1994).  2 ted; Robles was acquitted on July 2, 1993.  Although both Calero and Robles maintained their innocence from the moment of their respective arrests, each claims that he did not know the true nature and extent of the scheme that led to the arrest until after he had been acquitted. In all events, within months of their respective acquittals, Calero and Robles initiated lawsuits alleging violations of the Fourth and Fourteenth Amendments to the United States Constitu- tion and violations of Puerto Rico law. Shortly thereafter, the appellees moved to dismiss on the ground that the claims were time-barred.  The district court deemed appellants' claims analogous to the common law torts of false arrest and malicious prosecu- tion. It found that the one-year limitation borrowed from Puerto Rico law barred their respective false arrest claims, which accrued at the dates of arrest.2 Although the court ruled that their "malicious prosecution" type claims were not time-barred, it held them not actionable under section 1983, whether on a substantive or procedural due process theory. See Albright v. ___ ________ Oliver, 114 S. Ct. 807 (1994) (refusing to recognize substantive ______ due process right to be free from prosecution not based on  ____________________ 2See Albright v. Oliver, 975 F.2d 343, 345 (7th Cir. 1992), ___ ________ ______ aff'd on other grounds, 114 S. Ct. 807 (1994); Johnson v. Johnson ______________________ _______ _______ County Comm'n. Bd., 925 F.2d 1299, 1301 (10th Cir. 1991); Rose v. __________________ ____ Bartle, 871 F.2d 331, 351 (3d Cir. 1989); McCune v. City of Grand ______ ______ _____________ Rapids, 842 F.2d 903, 907 (6th Cir. 1988); Davis v. Harvey, 789 ______ _____ ______ F.2d 1332, 1333 n.1 (9th Cir. 1986); Singleton v. City of New _________ ____________ York, 632 F.2d 185, 191 (2d Cir. 1980), cert. denied, 450 U.S. ____ _____ ______ 920 (1981). 3 probable cause); P rez-Ruiz, 25 F.3d at 43 (commonwealth law __________ affords adequate post-deprivation remedy for "procedural due process" type "malicious prosecution" claims). As no trialworthy federal claims remained, the pendent commonwealth law claims were dismissed without prejudice pursuant to 28 U.S.C. 1367(c)(3). See Figuera Ruiz v. Alegria, 896 F.2d 645, 650 (1st Cir. 1990).  ___ ____________ _______ II II DISCUSSION3 DISCUSSION __________ A. Applicable Limitation Period A. Applicable Limitation Period ____________________________ Section 1983 creates "a species of tort liability" for redressing deprivations of federal constitutional rights. Heck ____ v. Humphrey, 114 S. Ct. 2364, 2370 (1994) (quoting Memphis ________ _______ Community Sch. Dist. v. Stachura, 477 U.S. 299, 305 (1986)). The ____________________ ________ limitation period governing personal injury actions under the law of the forum state is borrowed for application to section 1983 claims. Wilson v. Garcia, 471 U.S. 261, 276-80 (1985); Guzman- ______ ______ _______ Rivera v. Rivera-Cruz, 29 F.3d 3, 4-5 (1st Cir. 1994). The one- ______ ___________ year limitation period prescribed in Article 1868(2) of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, 5298(2) (1991), governs these section 1983 claims.  B. Accrual Rules Governing Section 1983 Claims B. Accrual Rules Governing Section 1983 Claims ___________________________________________ The question before us is whether appellants brought their section 1983 claims within the applicable one-year period  ____________________ 3We review Rule 12(b)(6) dismissals de novo. Clarke v. __ ____ ______ Kentucky Fried Chicken of Cal., Inc., 57 F.3d 21, 22 n.1 (1st ______________________________________ Cir. 1995).  4 prescribed by Puerto Rico law. The dispute focuses on when the one year began to run; in other words, when their respective causes of action accrued. Federal law provides the applicable accrual rule. Guzman-Rivera, 29 F.3d at 4-5.  _____________ Section 1983 claims accrue when the plaintiff "knows or has reason to know of the injury which is the basis of the action." Street v. Vose, 936 F.3d 38, 40 (1st Cir. 1992) (quot- ______ ____ ing Torres v. Superintendent of Police, 893 F.2d 404, 407 (1st ______ _________________________ Cir. 1990)). For purposes of determining when a claimant knew or had reason to know of the alleged injury, we look to the common law cause of action most closely analogous to the constitutional right at stake. Heck, 114 S. Ct. at 2371. As the elements in ____ any species of section 1983 "tort" are ordained by its constitu- tional prototype, we first identify the particular constitutional right allegedly infringed. See Albright v. Oliver, 114 S. Ct. ___ ________ ______ 807, 811 (1994).  These complaints specifically state that Puerto Rico police officers arrested Calero and Robles pursuant to a warrant predicated on false allegations by Crespo and Rosa. Thus, appellants' section 1983 claims directly implicate both their Fourth Amendment right to be free from any unreasonable seizure of their persons, see Lippay v. Christos, 996 F.2d 1490, 1502-03 ___ ______ ________ (3d Cir. 1993) (discussing Fourth Amendment standards in case involving arrest based on warrant), and their Fourteenth Amend- ment right to be free from criminal prosecution without due 5 process of law.4   ____________________ 4Appellants have not appealed from the district court ruling dismissing their Fourteenth Amendment claims. See supra, pp. 3- ___ _____ 4. 6 The district court found the Fourteenth Amendment due process claims more closely analogous to the tort of malicious prosecution, but that the Fourth Amendment claims more closely resembled the common law tort of false arrest. Even though malicious prosecution5 and false arrest6 may seem distinct enough in abstract definition, however, in a wrongful arrest case particularly an arrest conducted pursuant to a warrant based ____________ __ ______ _________ ________ __ _ _______ _____ on false allegations the lines between the two may become __ _____ ___________ blurred. In the present case, we believe appellants' Fourth Amendment claims more closely resemble the common law tort of malicious prosecution as well.7  The Supreme Court has noted that the common law cause of action for malicious prosecution, unlike false arrest, permits  ____________________ 5Generally speaking, in order to state a cause of action for malicious prosecution, a claimant must allege: (1) the commence- _________ ___________ ment or continuation of a criminal proceeding by the defendant against the plaintiff; (2) the termination of the proceeding in favor of the accused; (3) the absence of probable cause for the criminal proceeding; and (4) actual malice. Landrigan v. City of _________ _______ Warwick, 628 F.2d 736, 745 n.6 (1st Cir. 1980).  _______ 6Typically, the elements of a false arrest claim are said to _____ ______ be that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the defendant had no privilege to cause the confinement. See Restatement (Second) Of ___ Torts 35, 118 cmt. b (1965). Neither actual malice nor lack of probable cause is an element of false arrest.  7Although there is no substantive due process right to be free from malicious prosecution, see P rez-Ruiz, 25 F.3d at 42, ___ __________ the Supreme Court has held that a "malicious prosecution" type claim may be actionable under the Fourth Amendment in a section 1983 action. Albright, 114 S. Ct. at 813. See also Malley v. ________ ___ ____ ______ Briggs, 475 U.S. 335 (1986) (discussing liability of police ______ officer who allegedly applied for arrest warrants, without probable cause, in violation of the Fourth Amendment).  7 damages for confinement pursuant to legal process. Heck, 114 S. ____ Ct. at 2371. The interest at stake in a malicious prosecution claim is the right to be free from deprivations of liberty interests caused by unjustifiable criminal charges and proce- dures. In contrast, false arrests infringe upon the right to be free from restraints on bodily movement.8 The remedies avail- able in the two tort actions mirror the different interests at stake. Damages for false arrest are restricted to the time period between the initial detention and the issuance of legal process, whereas the tort of malicious prosecution contemplates general damages as well as compensation for any arrest and imprisonment preceding the termination of the criminal proceed- ing. Id.  ___ The critical inquiry that distinguishes malicious prosecution from false arrest in the present context is whether the arrests were made pursuant to a warrant. Singer v. Fulton ______ ______ County Sheriff, No. 94-9093, 1995 WL 470283, at *5 (2d Cir. Aug. ______________ 9, 1995). As a general rule, an unlawful arrest pursuant to a warrant will be more closely analogous to the common law tort of malicious prosecution. An arrest warrant constitutes legal process, and it is the tort of malicious prosecution that permits damages for confinement pursuant to legal process. On the other hand, wrongful warrantless arrests typically resemble the tort of false arrest. Id.  ___  ____________________ 8For a cogent discussion of the two torts in the section 1983 context, see Singer v. Fulton County Sheriff, No. 94-9093, ______ _____________________ 1995 WL 470283 (2d Cir. Aug. 9, 1995).  8 For the foregoing reasons, we hold that for purposes of determining the appropriate accrual rule both the Fourth and Fourteenth Amendment claims more closely resemble the common law tort of malicious prosecution. Consequently, appellants' section 1983 claims did not accrue until their respective crimi- nal prosecutions ended in acquittals. Heck, 114 S. Ct. at 2371; ____ Guzman-Rivera, 29 F.3d at 5.  _____________ All that remains is to apply the accrual rule. Calero was acquitted on July 1, 1992. Well within the one-year limita- tion on February 9, 1993 he commenced the present action. Similarly, Robles was acquitted on July 2, 1993, and brought suit on November 2, 1993. Thus, their section 1983 claims are not time-barred.  III III CONCLUSION CONCLUSION __________ In sum, reference to common law tort principles is appropriate in identifying the most suitable rule of accrual for application to section 1983 claims, always bearing in mind the legislative aims which Congress sought to advance by establishing a federal forum for redressing deprivations of constitutional rights. Cf. Wyatt v. Cole, 112 S. Ct. 1827, 1831 (1992) (noting __ _____ ____ that common law immunities are not necessarily applicable to section 1983 claims). Accordingly, the essential elements of actionable section 1983 claims derive first and foremost from the Constitution itself, not necessarily from the analogous common law tort. See Graham v. Connor, 490 U.S. 386, 394-97 (1989) ___ ______ ______ 9 (analyzing excessive force claim under Fourth Amendment stan- dards). Consequently, on remand Calero and Robles must establish that their respective Fourth Amendment rights were violated by one or more appellees. See, e.g., Lippay, 996 F.2d at 1502-03 ___ ____ ______ (discussing one theory of liability for violating the Fourth Amendment). The district court judgments are vacated, and the case ___ ________ _____ _________ ___ _______ ___ ___ ____ is remanded for further proceedings consistent with this opinion. __ ________ ___ _______ ___________ __________ ____ ____ ________ Costs are awarded to appellants.  _____ ___ _______ __ __________ - Concurring Opinion Follows - 10 LYNCH, Circuit Judge, concurring. I write separately LYNCH, Circuit Judge, concurring __________________________ to stress my understanding that in Fourth Amendment claims under 1983 arising out of a warrantless arrest the statute of limita- tions may typically, but does not necessarily, begin to run at ___________ the time of arrest. There may be circumstances in which plaintiffs neither knew, nor had reason to know, at the time of their warrantless arrests that they had suffered a constitutional injury and so the statute would not begin to run upon arrest. Similarly, the arrest may lead to a chain of events leading to a different characterization of the entire constitutional injury, and so a different accrual date. See Robinson v. Maruffi, 895 F. 2d 649, ________ _______ 654-55 (10th Cir. 1990). That the common law of false arrest has often been interpreted to establish that the common law cause of action accrues upon the arrest1 does not answer the question of the accrual date for 1983 actions. The Supreme Court in Albright v. Oliver, 114 S. Ct. 807 (1994), and earlier cases, ________ ______ see, e.g., Graham v. Connor, 490 U.S. 386, 395 (1989), has ___ ____ ______ ______ instructed federal courts to look to the true nature of the constitutional claims being asserted, rejecting labels.  As Judge Cyr's very thoughtful opinion states: "[t]he essential elements of actionable section 1983 claims derive first and foremost from the Constitution itself, not necessarily from the analogous common law tort." Accordingly, the law does not,  ____________________ 1But see Justice Ginsburg's views in her concurring opinion in Albright v. Oliver, 114 S. Ct. 807, 814-817 (1994).  ________ ______ 11 I believe, bind the accrual date for the constitutional tort in warrantless arrests inevitably and invariably to the date of arrest. The case of a warrantless arrest is not before us, and no more now need be said. 12