81 F.3d 147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
James W. VOGT, Plaintiff, Appellant,
v.
Nancy J. CHURCHILL, et al., Defendants, Appellees.
 No. 95-2163.
 United States Court of Appeals, First Circuit.
 April 3, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge]
 James W. Vogt, on brief pro se.
 Andrew Ketterer, Attorney General, Leanne Robbin, Assistant Attorney General, and Thomas D. Warren, Assistant Attorney General, on brief for appellees, Field, Carpenter, and Rushlaw.
 Elizabeth G. Stouder, Thomas R. McKeon, and Richardson, Whitman, Large & Badger, on brief for appellee, Nancy J. Churchill.
 Mark G. Lavoie, Peter J. DeTroy, David I. Herzer, and Norman, Hanson & DeTroy, on brief for appellee, Elizabeth Scheffee.
 Kenneth P. Altshuler and Altshuler & Vincent on brief for appellee, Lynda Doyle.
 Craig J. Rancourt and Law Office of Craig J. Rancourt on brief for appellee, Joseph Molnar.
 Before SELYA, CYR and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff/appellant James W. Vogt appeals the entry of judgment by the United States District Court for the District of Maine for defendants/appellees. Vogt had sought both damages and injunctive relief, pursuant to 42 U.S.C. § 1983, for alleged injuries stemming from a divorce and custody proceeding in state court. We summarily affirm essentially for the reasons given by the district court. We add only the following.
 
 
 2
 The sole colorable constitutional issue raised in Vogt's complaint is a violation of his right to a fair trial due to an alleged conspiracy among appellants. As the district court correctly determined, Vogt alleges a violation of procedural due process. See Senra v. Cunningham, 9 F.3d 168, 173 (1st Cir.1993) (claim of " 'distortion and corruption of the process of law', such as 'falsification of evidence or some other egregious conduct resulting in a denial of a fair trial' " constitutes procedural due process claim) (quoting Torres v. Superintendent of Police, 893 F.2d 404, 410 (1st Cir.1990)). Since the state of Maine provides Vogt with an adequate remedy for any errors in his state trial, either through direct appeal or through a motion for relief from judgment, Vogt's claim must fail. See Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42-43 (1st Cir.1994) (existence of adequate state postdeprivation remedy fatal to section 1983 procedural due process claim); see also Holloway v. Walker, 784 F.2d 1287, 1290-93 (5th Cir.) (right to appeal judgment in state court precludes § 1983 suit for alleged violation of right to fair trial), cert. denied, 479 U.S. 984 (1986).
 
 
 3
 Affirmed. See 1st Cir. Loc. R. 27.1.