USCA1 Opinion

 

 April 3, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2163 JAMES W. VOGT, Plaintiff, Appellant, v. NANCY J. CHURCHILL, et al., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Lynch, Circuit Judges. ______________ ____________________ James W. Vogt, on brief pro se. _____________ Andrew Ketterer, Attorney General, Leanne Robbin, Assistant ________________ ______________ Attorney General, and Thomas D. Warren, Assistant Attorney General, on ________________ brief for appellees, Field, Carpenter, and Rushlaw. Elizabeth G. Stouder, Thomas R. McKeon, and Richardson, Whitman, ____________________ ________________ _____________________ Large & Badger, on brief for appellee, Nancy J. Churchill. ______________ Mark G. Lavoie, Peter J. DeTroy, David I. Herzer, and Norman, _______________ ________________ ________________ _______ Hanson & DeTroy, on brief for appellee, Elizabeth Scheffee. _______________ Kenneth P. Altshuler and Altshuler & Vincent on brief for ______________________ _____________________ appellee, Lynda Doyle. Craig J. Rancourt and Law Office of Craig J. Rancourt on brief __________________ _________________________________ for appellee, Joseph Molnar. ____________________ ____________________ Per Curiam. Plaintiff/appellant James W. Vogt appeals __________ the entry of judgment by the United States District Court for the District of Maine for defendants/appellees. Vogt had sought both damages and injunctive relief, pursuant to 42 U.S.C. 1983, for alleged injuries stemming from a divorce and custody proceeding in state court. We summarily affirm essentially for the reasons given by the district court. We add only the following. The sole colorable constitutional issue raised in Vogt's complaint is a violation of his right to a fair trial due to an alleged conspiracy among appellants. As the district court correctly determined, Vogt alleges a violation of procedural due process. See Senra v. Cunningham, 9 F.3d 168, ___ _____ __________ 173 (1st Cir. 1993) (claim of "'distortion and corruption of the process of law', such as 'falsification of evidence or some other egregious conduct resulting in a denial of a fair trial'" constitutes procedural due process claim) (quoting Torres v. Superintendent of Police, 893 F.2d 404, 410 (1st ______ _________________________ Cir. 1990)). Since the state of Maine provides Vogt with an adequate remedy for any errors in his state trial, either through direct appeal or through a motion for relief from judgment, Vogt's claim must fail. See Perez-Ruiz v. Crespo- ___ __________ _______ Guillen, 25 F.3d 40, 42-43 (1st Cir. 1994) (existence of _______ adequate state postdeprivation remedy fatal to section 1983 procedural due process claim); see also Holloway v. Walker, ___ ____ ________ ______ 784 F.2d 1287, 1290-93 (5th Cir.) (right to appeal judgment -2- in state court precludes 1983 suit for alleged violation of right to fair trial), cert. denied, 479 U.S. 984 (1986). _____ ______ Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -3-