106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph LOPEZ, Plaintiff-Appellant,
v.
CITY OF SAN DIEGO; San Diego Police Department; Chief of
Police Bob Burgreen; Felipe J. Arroyo; J. Silva; "Doe"
Duran; Dave Swartzendruber; Jan Thornquest; "Doe"
Camberos; David Contreras; Van Cruz, Individually and in
Their Official Capacity, Does I through X, Inclusive,
Defendants-Appellees
 No. 94-56427.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1996.
Decided Jan. 23, 1997.
 
 1
 Before: SCHROEDER and LEAVY, Circuit Judges, and TRIMBLE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff-Appellant, Joseph Lopez, appeals from the district court's grant of summary judgment in favor of the defendants-appellees. Lopez argues that the district court erred in rejecting his cause of action for malicious prosecution, his cause of action for violation of his due process rights and his cause of action for violation of his rights by a municipal policy.
 
 
 4
 In arguing that he has a cause of action for malicious prosecution, Lopez argues that he did not know of any illegality at the time he rented the apartment to the undercover officer and that the information given to the Magistrate issuing the search warrant was incorrect. The holding in Albright v. Oliver, 114 S.Ct. 807 (1994), prohibits all § 1983 actions for malicious prosecution premised on substantive due process. See Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir.1994); Osbourne v. Howard, 844 F.Supp. 511, 513-15 (E.D.Ark.1994). The availability of an adequate remedy for malicious prosecution under states law bars all procedural due process claims for malicious prosecution. Perez-Ruiz, 25 F.3d at 43. Since California law allows malicious prosecution actions, the plaintiff's claim fails as a matter of law.
 
 
 5
 The officers had probable cause to arrest Lopez for a violation of Health & Safety Code § 11366.5, therefore he had no cause of action for false arrest. The plaintiff failed to show that specific knowledge that the apartment would be used for illegal purposes at the time he rented the apartment was required by law. The landlord need only "knowingly permit" the building he owns to be used for the distribution of drugs. People v. Glenos, 7 Cal.App. 4th 1201, 1211, 10 Cal Rptr.2d 363 (Cal.App. 5 Dist., Jun 30, 1992) (no. F014804), review denied (Sep. 23, 1992); People v. Costa, 1 Cal. All 4th 1201, 1207 (1991).
 
 
 6
 Lopez has the burden of proof for his claims under 42 U.S.C. § 1983. The defendants satisfied their burden in the motion for summary judgment by showing that there was an absence of liability on the part of the City and the other defendants. The plaintiff failed to adduce affirmative evidence proving that the defendants violated his due process rights by harassing and intimidating Lopez and his tenants. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 246 (1986). Therefore the defendants were entitled to summary judgment.
 
 
 7
 The plaintiff further alleged that there was a specific policy by the City of San Diego to interfere with Lopez's business. Lopez failed to set forth specific facts raising an issue for trial showing intentional interference with his business. In the absence of specific evidence, the bald allegations that City of San Diego police were threatening Lopez and his tenants or that there was an unlawful policy are not sufficient to defeat a properly supported motion for summary judgment. See Fed.R.Civ.P. 56(e); Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989); Nilsson, Robbin, et al. v. Louisiana Hydrolic, 854 F.2d 1538, 1542-1545 (9th Cir.1988) (citations omitted).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable James T. Trimble, Jr., United States District Court for the Western District of Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3