**BETHLEHEM STEEL EXPORT CORPORATION, Plaintiff, Appellant,**

v.

**REDONDO CONSTRUCTION CORP., et al., Defendants, Appellees.**

No. 97–1738.

United States Court of Appeals, First Circuit.

Heard Dec. 1, 1997.

Decided April 3, 1998.

Juan A. Ramos–Díaz, San Juan, PR, for appellant.

Javier A. Morales–Ramos, San Juan, PR, for appellee American International Insurance Company of Puerto Rico.

Stuart A. Weinstein–Bacal, with whom David C. Indiano and Indiano, Williams & Weinstein–Bacal, San Juan, PR, were on brief, for appellee Redondo Construction Corp.

Before TORRUELLA, Chief Judge, BOWNES, Senior Circuit Judge, and STAHL, Circuit Judge.

TORRUELLA, Chief Judge.

Plaintiff Bethlehem Steel Export Corporation ("Bethlehem") seeks to recover on a construction payment bond executed by defendants Redondo Construction Corporation ("Redondo") and its surety, American International Insurance Company of Puerto Rico ("American International"), pursuant to Law 388, P.R. Laws Ann. tit. 22, § 47 *et seq.*, which requires every public works contractor to post a bond to secure the payment of materials used by the general contractor and subcontractors.

Redondo, the principal contractor for the construction of a portion of the Expreso de Diego, P.R. Highway 22, between Barceloneta and Manatí ("Expreso de Diego"), Puerto Rico, paid Transcontinental Steel Company ("Transco") in full for steel Transco had acquired from Bethlehem. On defendants' renewed motion for summary judgment, the district court found that Transco was not a subcontractor, but rather a mere material supplier to Redondo during the construction of the Expreso de Diego. Accordingly, the district court determined that Bethlehem was not entitled to protection under Law 388 for

certain materials supplied to Transco. We affirm.

## I. BACKGROUND

In October 1990, Redondo entered into a written contract with the Puerto Rico Highway Authority for the construction of the Expreso de Diego. Redondo and its bonding company, American International, executed and delivered to the Highway Authority a construction payment bond pursuant to Law 388, which was modeled after the Miller Act, 40 U.S.C. § 270, *et seq.* Thereafter, Transco supplied Redondo with the structural steel required for the construction project. Redondo paid Transco in full for the steel. Transco had originally acquired the fabricated steel from Bethlehem, but it went bankrupt and failed to pay Bethlehem for the steel. Bethlehem seeks payment for the steel under the bond executed by Redondo and American International in accordance with Law 388. The primary issue on appeal is whether Transco was a subcontractor of Redondo, thus entitling Bethlehem to the protection of Law 388, or simply a material supplier to Redondo, which would leave Bethlehem without recourse to the bond.

Prior to filing the renewed motion for summary judgment before us, defendants had sought summary judgment on two different occasions, but both times Judge Juan M. Pérez–Giménez had denied the motions. The case was reassigned to Judge Daniel R. Domínguez and, after further discovery, the district court referred defendants' renewed motion for summary judgment to a magistrate judge. The magistrate judge recommended granting summary judgment in favor of defendants. The district court reached the same conclusion as the magistrate judge, although on different grounds. The district court determined that Transco was merely a material supplier, and hence Bethlehem was not entitled to protection under Law 388. Bethlehem appeals.

## II. DISCUSSION

We review *de novo* a district court's grant of summary judgment. *See Pine Tree Med. Assoc. v. Secretary of HHS*, 127 F.3d 118, 120 (1st Cir.1997).

## A. Definition of "Subcontractor" Under Law 388

 As a threshold matter, we agree with the district court that, although Law 388 was modeled after the federal Miller Act, it differs from the federal statute in one crucial respect: Puerto Rico's legislation, unlike the Miller Act, expressly defines the term "subcontractor." According to the official English translation of Law 388, " 'subcontractor'—includes any person or persons who, as independent contractors, do any part of the work awarded to the contractor." P.R. Laws Ann. tit. 22, § 58 (official translation). The original Spanish version reads, " '[s]ubcontratista'—incluye a cualquier persona o personas que, como contratista independiente, ejecute cualquier parte de la obra adjudicada al contratista." P.R. Law Ann. tit. 22, § 58.

Bethlehem argues that the district court erroneously relied on the official translation of "ejecute cualquier parte de la obra," and read the phrase as "do any part of the work." According to Bethlehem, such a reading does not comport with the meaning of "execute," the literal translation of "ejecute," and of "work" as defined in Black's Law Dictionary (6th ed.1990). Bethlehem contends that, if the district court had adopted this intended meaning of the phrase, it would have found that Transco did fall within Law 388's definition of subcontractor. We reject Bethlehem's argument outright.

As the district court noted, the operative word in the definition of subcontractor is the word "obra," translated as "work." The statute explicitly defines "work" as "any construction, reconstruction, alteration, extensions, or improvements, made under a contract awarded to a contractor by the Commonwealth of Puerto Rico." P.R. Laws Ann. tit. 22, § 58 (official translation). Thus, we need not turn to Black's Law Dictionary or any other secondary source to determine the meaning of the term. We can simply look to the definition in the statute. The record reflects that Redondo paid Transco not only to supply the steel, but also to unload it off the docks onto flatbed trailers for delivery to the construction site.

Bethlehem avers that, for logistical reasons, Transco did not unload the steel onto flatbed trucks, but rather placed it directly onto the docks. However, even assuming *arguendo* that Transco did unload the steel onto Redondo's trucks, the labor involved in completing the delivery of construction materials is not considered "work" under Law 388. Transco did not make "any construction, reconstruction, alteration, extensions, or improvements," *id.*, under Redondo's general contract with the Highway Authority. Consequently, under Law 388, Transco was a mere materials supplier to Redondo rather than a subcontractor.

**B. District Court's Earlier Rulings**

Bethlehem argues that Judge Domínguez committed reversible error in failing to follow Judge Pérez–Giménez' prior rulings on Redondo and American International's motions for summary judgment. In short, Bethlehem's contention is that the district court's prior rulings constitute the "law of the case." However, "[i]n this circuit the 'law of the case' doctrine has not been construed as an inflexible straightjacket that invariably requires rigid compliance with the terms of the mandate." *Northeast Util. Serv. Co. v. FERC*, 55 F.3d 686, 688 (1st Cir.1995). We do not find the "law of the case" doctrine to preclude *any* reconsideration of an issue already settled. *See Pérez–Ruiz v. Crespo–Guillén*, 25 F.3d 40, 42 (1st Cir.1994). Even if the doctrine posed an absolute bar to reconsideration, in the instant case, the denial of the summary judgment motions do not constitute the law of the case. *See id.* ("[i]nterlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case"). Accordingly, Judge Domínguez did not err in granting appellees' renewed motion for summary judgment once he was assigned the case.

### III. CONCLUSION

For the foregoing reasons, we *affirm* the opinion and order of the district court.