[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1396

 JOHN C. VOTTA, JR.,

 Plaintiff, Appellant,

 v.

 KELLY L. SECREST, ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Nancy Gertner, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Selya and Boudin, Circuit Judges.

 John C. Votta, Jr. on brief pro se.
 Sheila E. McCravy and Brian Rogal on brief for appellees Kelly
Secrest and Byron Rizos.
 Scott Harshbarger, Attorney General, and Matthew Q. Berge,
Assistant Attorney General, on brief for appellees Commonwealth of
Massachusetts and Margaret Farmer.

December 30, 1998

 Per Curiam. Following his conviction in state court on
speeding and littering charges, plaintiff John Votta filed this
42 U.S.C. 1983 action against two members of the state police
and other defendants, alleging an assortment of constitutional
and state-law claims. The district court dismissed the
complaint in due course under Fed. R. Civ. P. 12(b)(6). Having
reviewed the record in full, we agree that no cognizable 1983
claim has been stated. See, e.g., Figueroa v. Rivera, 147 F.3d
77, 80-81 (1st Cir. 1998) (applying Heck v. Humphrey, 512 U.S.
477 (1994)); Judge v. City of Lowell, F.3d , 1998 WL
789187, at *6-*7 (1st Cir. 1998) (requiring specific,
nonconclusory factual allegations in support of claim that
defendant acted with improper motive); Roche v. John Hancock
Mutual Life Ins. Co., 81 F.3d 249, 256 (1st Cir. 1996)
(discussing malicious prosecution); Perez-Ruiz v. Crespo-
Guillen, 25 F.3d 40, 42-43 (1st Cir. 1994) (same); Santiago v.
Fenton, 891 F.2d 373, 388 (1st Cir. 1989) (discussing abuse of
process).
 While the judgment is silent on the matter, we assume that
the district court intended to dismiss the supplemental state-
law claims without prejudice for want of jurisdiction. See,
e.g., United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966);
Figueroa Ruiz v. Alegria, 896 F.2d 645, 650 (1st Cir. 1990). 
With that clarification, the order of dismissal is affirmed. 
 Affirmed. See Loc. R. 27.1.