Angel NIEVES and Rebecca Nieves, Plaintiffs,

v.

Terrence J. McSWEENEY, Dana Beauvais, Bradley Madge, Arthur Boisseau, Edward Denmark and Town of Ayer, Defendants.

No. Civ.A. 97–12268–EFH.

United States District Court,
D. Massachusetts.

Nov. 2, 1999.

James B. Krasnoo, Richard E. Briansky, James B. Krasnoo Law office, Andover, MA, for Angel Nieves, plaintiff.

James B. Krasnoo, Andover, MA, for Rebecca Nieves.

Brian J. Rogal, Law Offices of Timothy M. Burke, Needham, MA, for Terrence J. McSweeney, defendant.

Stephen C. Pfaff, Douglas I. Louison, Merrick and Louison, Boston, MA, for Dana Beauvais, defendant.

Jocelyn M. Sedney, Leonard H. Kesten, Brody, Hardoon, Perkins & Kesten, Boston, MA, for Bradley Madge, Arthur Boisseau, Edward Denmark, the Town of Ayer, defendants.

### *MEMORANDUM & ORDER*

HARRINGTON, District Judge.

### *STATEMENT OF THE CASE*

This matter is before the Court on the defendants' motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. These motions present two issues for the Court to decide: first, whether any of the plaintiffs' claims are barred by the applicable statute of limitations; and, second, whether conspiracy to commit malicious prosecution is actionable under 42 U.S.C. §§ 1983 and 1985 and, if so, whether the plaintiffs have established such claims. For the reasons stated below summary judgment is granted to all defendants as to Counts I through VIII.

The plaintiffs in this case, Angel and Rebecca Nieves [1] ("Plaintiffs" collectively; "Angel" and "Rebecca" individually), seek recovery for damages inflicted when, as alleged in their complaint, the defendants conspired to deprive them of their constitutional rights by arresting them with excessive force and without probable cause, by filing baseless and fraudulent criminal charges, and by maliciously prosecuting such charges. Plaintiffs allege in Counts I and II (under 42 U.S.C. § 1983) and VI and VII (under 42 U.S.C. § 1985) that the defendant officers of the Town of Ayer Police Department—Terrence J. McSweeney ("McSweeney"), Dana Beauvais ("Beauvais"), and Bradley Madge ("Madge")—conspired under the color of state law to deprive plaintiffs' of their constitutional rights by using excessive force in the course of falsely arresting plaintiffs and then by lying under oath in the course of maliciously prosecuting the plaintiffs. Plaintiffs further allege that the Town of Ayer ("Ayer") (in Count V under § 1983 and in Count VIII under § 1985) and Arthur Boisseau ("Boisseau"), as Chief of Police for Ayer (in Counts III and IV under § 1983 and in Counts VII and VIII under § 1985), conspired with the other named defendants to deprive the plaintiffs, and others, of their constitutional rights by acquiescing in, and thereby allowing, a pattern of conduct which, among other things, included the excessive use of force at the time of plaintiffs' arrest and the malicious prosecution of fraudulent charges against the plaintiffs

This Court has jurisdiction over Counts I through VIII pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has jurisdiction over the state law claims in Counts IX and XI pursuant to the doctrine of pendant jurisdiction. *See* 28 U.S.C. § 1367(a).

---

1. Angel is Rebecca's father.

2. The details of the fight, while in dispute, are immaterial to a ruling on these motions.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment will be granted only upon a showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hinchey v. NYNEX Corp.*, 144 F.3d 134, 140 (1st Cir. 1998) (quoting Fed.R.Civ.P. 56(c)). In deciding a motion for summary judgment the facts must be viewed "in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Borschow Hospital & Medical Supplies, Inc. v. Cesar Castillo Inc.*, 96 F.3d 10, 14 (1st Cir.1996). Accordingly, the facts are read in the light most favorable to the plaintiffs.

## STATEMENT OF OPERABLE FACTS

On May 12, 1994, plaintiffs were arrested by the defendant police officers McSweeney and Beauvais who were responding to a call regarding a domestic disturbance at plaintiffs' residence. During the course of the arrest a fight broke out between the officers and the plaintiffs resulting in physical injuries to both Angel and Rebecca.[2]

Plaintiffs allege that the fight and arrest were the result of a conspiracy on the part of McSweeney and Beauvais to deprive plaintiffs of their constitutional rights. In furtherance of this conspiracy, McSweeney and Beauvais, with the assistance of officer Madge who had arrived at the site of the arrest after the fight, allegedly then filed false police reports causing baseless criminal complaints to be filed against plaintiffs.

On May 13, 1994, officer Denmark,[3] acting as police prosecutor in the Ayer District Court, swore out criminal complaints based upon the information provided by McSweeney and Beauvais. Angel was charged with five counts: (1) assault with intent to murder; (2) assault and battery

---

3. Officer Denmark was originally a named defendant in the present action, but the parties have stipulated to his dismissal at oral arguments.

by dangerous weapon ("shod foot"); (3) and (4) two counts of assault and battery on police officer; and (5) disorderly person. Rebecca was charged with three counts: (1) and (2) two counts of assault and battery on police officer; and (3) disorderly person. Plaintiffs were arraigned on these charges and released on their own recognizance.

On October 25, 1994, the Commonwealth entered a *nolle prosequi* with respect to the charge of assault with the intent to murder against Angel. Plaintiffs then stood trial on the remaining counts. Plaintiffs allege that during the course of this trial McSweeney and Beauvais perjured themselves in furtherance of the conspiracy to deprive plaintiffs of their constitutional rights. On October 27, 1994, after a jury trial, Rebecca was found not guilty on all charges against her, while Angel was found not guilty on all charges except on the charge of disorderly person.

On October 9, 1997, plaintiffs filed the instant complaint alleging a conspiracy to violate the plaintiffs' constitutional rights based upon the above incidents.

### DISCUSSION
### Statute of Limitations

■■■ Any causes of action which the plaintiffs might have had based on the events of May 12, 1994 are barred by the applicable statute of limitations because they did not commence this current action within three years from that date.[4] Although federal law does not provide a limitation period for Section 1983 claims, courts apply the forum state's statute of limitations provision for personal injury torts. *See Wilson v. Garcia,* 471 U.S. 261, 276–80, 105 S.Ct. 1938, 1947–49, 85 L.Ed.2d 254 (1985); *Calero–Colon v. Betancourt–Lebron,* 68 F.3d 1, 2–3 (1st Cir. 1995). Massachusetts law prescribes a three-year limitations period for causes of action such as plaintiffs' Section 1983 claims. *See Street v. Vose,* 936 F.2d 38, 39–40 (1st Cir.1991), *cert. denied,* 502 U.S. 1063, 112 S.Ct. 948, 117 L.Ed.2d 117 (1992). While federal courts borrow the forum state's statute of limitations, federal law provides the applicable rule for when the limitation period begins to run, or accrue, on Section 1983 causes of action. *See Calero–Colon,* 68 F.3d at 3. Section 1983 claims accrue when the plaintiff knows or has reason to know of the injury on which the claim is based. *See id.* In determining when the plaintiff knew, or should have known, courts look to the common law cause of action most closely analogous to the constitutional right at stake. *See id.*

■■■ "In the context of a conspiracy to violate civil rights, the statute of limitations runs separately from each action constituting a civil rights violation that causes actual damage to the plaintiff." *Hernandez Jimenez v. Calero Toledo,* 576 F.2d 402, 404 (1st Cir.1978); *see also Kadar Corp. v. Milbury,* 549 F.2d 230, 234–35 (1st Cir.1977) ("Injury and damage in a civil conspiracy action flow from the overt acts, not from 'the mere continuance of the conspiracy.' "), quoting *Hoffman v. Halden,* 268 F.2d 280, 303 (9th Cir.1959). The mere continuance of the conspiracy and the subsequent deprivation of other rights

4. Plaintiffs' claims under 42 U.S.C. § 1985 allege a conspiracy to deprive plaintiffs of the same constitutional rights as alleged in their claims under 42 U.S.C. § 1983. Counts I and III are substantially identical to Count VI. Counts II and IV are substantially identical to Count VII. Count V is substantially identical to Count VIII. The parties treated the Sections 1983 and 1985 counts as similar and provided no separate argument for Section 1985 in their briefs or at oral argument. Section 1985, like Section 1983, creates no separate rights itself, but instead confers remedies for injuries and violations of rights arising under the federal Constitution or laws as a result of conspiracies involving non-state actors. The Court's analysis of the statute of limitations under plaintiffs' Section 1983 claims applies equally to plaintiffs' Section 1985 claims. *See Cornwell v. Robinson,* 23 F.3d 694, 703 (2nd Cir.1994). The plaintiffs' claims under Section 1985 fail for the same reasons as does their claims under Section 1983—they have not alleged an injury or deprivation actionable under Section 1985 that is not barred by the statute of limitations.

does not affect the accrual of the limitation period with respect to a completed object of a conspiracy unless the plaintiff were unaware of the deprivation. *See Hernandez Jimenez,* 576 F.2d at 404 n. 1 ("If a plaintiff were unable to discover the earlier violations because of fraudulent concealment the statute of limitations could be tolled"). Once achieved and the injury realized, each object of the alleged conspiracy represented a separate deprivation of the plaintiffs' civil rights and, therefore, each object has a separate limitation period.

In the instant case, plaintiffs have alleged one conspiracy to commit two separate objects. The first object of the alleged conspiracy is the excessive use of force and arrest without probable cause which occurred on May 12, 1994—implicating plaintiffs' Fourth Amendment right to be free from an unreasonable seizure of their persons, as incorporated through the Fourteenth Amendment. The second object of the alleged conspiracy is the malicious prosecution—implicating plaintiffs' Fourteenth Amendment right to be free from criminal prosecution without due process of the law and possibly their Fourth Amendment right to be free from unreasonable seizures, as incorporated through the Fourteenth Amendment. Each of these objects gives rise to separate causes of action.

 The limitation period for the conspiracy's first object, namely, the use of excessive force and arrest without proba-

ble cause, accrued on the date of the plaintiffs' arrest. Since the plaintiffs were arrested *without a warrant,* the plaintiffs' Section 1983 claims based on the events of May 12, 1994 are most closely analogous to the common law tort of conspiracy to commit false arrest.[5] *See Meehan v. Town of Plymouth,* 167 F.3d 85, 89–90 (1st Cir. 1999). Just as a claim for false arrest accrues on the date of the arrest, *see id.; see also Rose v. Bartle,* 871 F.2d 331, 351 (3d Cir.1989); *McCune v. Grand Rapids,* 842 F.2d 903, 907 (6th Cir.1988); *Venegas v. Wagner,* 704 F.2d 1144, 1146 (9th Cir. 1983); *Singleton v. New York,* 632 F.2d 185, 191 & n. 5 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981), so too does a claim for conspiracy to use excessive force and to arrest falsely accrue on the date on which these acts occur because that is when the plaintiff becomes aware that his rights have been violated.[6] The limitation period for an excessive use of force and false arrest claims runs from the time of the arrest regardless of whether criminal charges follow that arrest or not. In the instant case, plaintiffs knew of their injuries as a result of the excessive use of force and false arrest on the very date on which these acts occurred—May 12, 1994. Thus, the limitation period for that object of the conspiracy accrued on that day. Since plaintiffs did not file this present action until October 9, 1997, plaintiffs are barred by the statute of limitations from bringing claims based upon the events of May 12, 1994.[7]

---

**5.** If the plaintiffs had been falsely arrested pursuant to a warrant, the plaintiffs Section 1983 causes of action for the events of May 12, 1994 would have been more analogous to a common law claim of conspiracy to commit malicious prosecution and the limitations period would not have begun to run until the termination of criminal proceedings in their favor. *See Calero-Colon,* 68 F.3d at 3–4.

**6.** Since, unlike malicious prosecution, the favorable termination of subsequent criminal proceedings that are the result of the arrest is not an essential element of the tort of false arrest, the limitations period is not tolled by the institution of criminal proceedings against

a plaintiff who alleges false arrest. *See Calero-Colon,* 68 F.3d at 3 n. 6.

**7.** Plaintiffs' reliance on the Tenth Circuit's decision in *Robinson v. Maruffi,* 895 F.2d 649 (10th Cir.1990), is unfounded. The facts of the case presented before this Court are not analogous to *Robinson,* but more nearly resemble the facts of the First Circuit's decisions in *Landrigan* and *Meehan.* In upholding the district courts order in *Meehan,* the First Circuit implicitly recognized that a plaintiff's claim for false arrest was barred by the statute of limitations period, even though his claim for malicious prosecution was time-

On the other hand, plaintiffs' causes of action for conspiracy to commit malicious prosecution under Section 1983 are not barred by the statute of limitations. Unlike the tort of false arrest, favorable termination is an essential element of the tort of malicious prosecution. *See Calero–Colon,* 68 F.3d at 3 n. 5. Therefore, plaintiffs' causes of action for conspiracy to commit malicious prosecution did not arise, let alone accrue, until the underlying criminal proceedings were terminated in their favor. *See Heck v. Humphrey,* 512 U.S. 477, 489–90, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (a cause of action for malicious prosecution under Section 1983 does not arise, let alone accrue, until the criminal proceedings have been terminated, or reversed, in the plaintiff's favor); *Calero–Colon,* 68 F.3d at 3–4. The criminal proceedings against the plaintiffs were terminated on October 25 and 27, 1994. This present action was filed on October 9, 1997 which is within three years of the date of termination of the criminal proceedings. Plaintiffs, therefore, are not barred by the statute of limitations from bringing claims of conspiracy to prosecute maliciously under Section 1983.

### *Malicious Prosecution*

To assert a viable claim for malicious prosecution under 42 U.S.C. § 1983, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of clearly established rights, privileges or immunities guaranteed by the federal Constitution or laws of the United States. *See Meehan,* 167 F.3d at 88; *Roche v. John Hancock Mutual Life Ins. Co.,* 81 F.3d 249, 253–54 (1st Cir.1996). There is no dispute that the defendants were all acting under color of state law when they performed the alleged acts which led to the prosecution of the plaintiffs. However, plaintiffs do not have a cause of action for malicious prosecution under Section 1983 because they have failed to allege a resulting deprivation of a civil right protected by the federal Constitution or laws.

Plaintiffs' framing of the alleged misconduct as a conspiracy to violate their civil rights does not alter the analysis of the rights that are at stake. "While conspiracies may be actionable under Section 1983, it is necessary that there have been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws." *Landrigan v. City of Warwick,* 628 F.2d 736, 742 (1st Cir.1980); *see also Earle v. Benoit,* 850 F.2d 836, 844 (1st Cir.1988). In a Section 1983 cause of action, an allegation of conspiracy is merely a mechanism by which to obtain the necessary state action or to impose liability on one defendant for the acts of the others performed in furtherance of the conspiracy. *See Landrigan,* 628 F.2d at 742. Mere proof of a conspiracy is insufficient to establish a claim for relief under Section 1983. *See id.* Therefore, in order to have a cause of action for conspiracy to commit malicious prosecution, plaintiffs must allege that as a result of the conspiracy to prosecute them maliciously, they were deprived of a civil right.

Plaintiffs' Section 1983 conspiracy to commit malicious prosecution claims are not properly based on allegations of either a procedural or substantive due process violation. Where, as in Massachusetts, the state's tort law recognizes a cause of action for malicious prosecution, a plaintiff is barred from asserting a Section 1983 claim for malicious prosecution as a deprivation of procedural due process. *See Meehan,* 167 F.3d at 88; *Roche,* 81 F.3d at 256; *Perez–Ruiz v. Crespo–Guillen,* 25 F.3d 40, 42–43 (1st Cir.1994). In addition, "[t]here is no substantive due process right under the Fourteenth Amendment to be free from malicious prosecution." *Roche,* 81 F.3d at 256, (citing *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994))

ly, although meritless. *See Meehan,* 167 F.3d 85, 86–88.

(plurality opinion); *see also Meehan,* 167 F.3d at 88; *Perez–Ruiz,* 25 F.3d at 42. Basically, in a cause of action for malicious prosecution under Section 1983, the act of malicious prosecution does not constitute, in and of itself, a deprivation of a constitutionally or federally protected right, rather the act of malicious prosecution satisfies the requirement of state action. *See Calero–Colon,* 68 F.3d at 3–4 ("The interest at stake in a malicious prosecution claim is the right to be free from deprivations of liberty interests **caused** by unjustifiable criminal charges and procedures.") (emphasis added).

█ There is a possibility that the plaintiffs' Section 1983 conspiracy to commit malicious prosecution claims may be actionable under the Fourth Amendment. *See Albright,* 510 U.S. at 271, 114 S.Ct. 807 (plurality opinion) ("We hold that it is the Fourth Amendment, and not substantive due process, under which petitioner Albright's claim [under Section 1983 that he was maliciously prosecuted] must be judged."). While the First Circuit has not explicitly recognized that such a cause of action does indeed exist, there is substantial indication that it has implicitly recognized such an action. *See e.g. Meehan,* 167 F.3d at 88; *Roche,* 81 F.3d at 256 n. 5 ("[T]he Supreme Court left open the possibility that a malicious prosecution claim might lie under § 1983 on the basis of the Fourth Amendment. . . ."); *Calero–Colon,* 68 F.3d at 3–4. Plaintiffs would have a cause of action under Section 1983 if they could show that as a result of having been maliciously prosecuted they were deprived of a right guaranteed under the Fourth Amendment.

The facts, as presented by the plaintiffs, do not allege a Fourth Amendment deprivation. Plaintiffs were neither held in custody after the initiation of criminal proceedings, nor were they sentenced to any time in jail as a result of the criminal prosecution.[8] *Compare Meehan,* 167 F.3d at 87 (plaintiff had served time in prison as a result of an allegedly malicious prosecution); *Calero–Colon,* 68 F.3d at 2–4 (plaintiffs had been arrested pursuant to a warrant). Plaintiffs in their brief opposing summary judgment rely on Justice Ginsburg's concurring opinion in *Albright* for the proposition that the mere fact that they were bound to appear in court and answer the state's charges against them constitutes a seizure of their persons in violation of the Fourth Amendment. This is not the established law with regards as to what constitutes a Fourth Amendment seizure. Not one other Justice joined Justice Ginsburg in her concurrence, nor has this Circuit adopted Ginsburg's "continuing seizure" theory. This Court is unwilling to recognize a constitutional deprivation which the Supreme Court and the First Circuit have not themselves recognized. Therefore, plaintiffs do not have a valid federal claim for malicious prosecution because they have not alleged that they were seized, imprisoned, or otherwise held in custody in violation of the Fourth Amendment as a result of their having been maliciously prosecuted.

### CONCLUSION

Plaintiffs' federal claims based on the events surrounding their arrests are barred by the statute of limitations. Plaintiffs' federal claims based upon the prosecution of criminal charges against them fail for want of a constitutional deprivation. As such, summary judgment is granted to all defendants as to the federal

---

**8.** As noted above, Plaintiff Rebecca Nieves was found not guilty on all charges, while Plaintiff Angel Nieves was found not guilty on all charges except for the Disorderly Person charge for which he received a fine of $50.00. The finding of guilt on the Disorderly Person charge has never been challenged and still stands. While this conviction may be an alternative bar to Angel's Section 1983 cause of action for conspiracy to commit malicious prosecution, *see Heck v. Humphrey,* 512 U.S. at 486–87, 114 S.Ct. 2364, this Court need not decide this issue given this Court's judgment that both plaintiffs have failed to allege a deprivation of a constitutional right.

claims contained in Counts I through VIII. The Court declines to exercise supplemental jurisdiction over the state claims as asserted in Counts IX and XI and transfers said counts to the Superior Court for Middlesex County.

SO ORDERED.