USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit
 ____________________

No. 97-2358

 FEDERAL DEPOSIT INSURANCE CORPORATION,
 AS STATUTORY SUCCESSOR TO
 RESOLUTION TRUST CORPORATION, AS RECEIVER
 OF HOME OWNERS SAVINGS BANK, F.S.B.,
 AND RELIANT GROUP, LTD.,
 Plaintiffs, Appellees,

 v.

 ROGER K. KANE, INDIVIDUALLY AND AS
 TRUSTEE OF NORTHERN SPY REALTY TRUST AND
 OF ROGER K. KANE, JR., REAL ESTATE TRUST,
 AND NORTHERN SPY COUNTRY CLUB, INC.,
 Defendants, Appellants.

 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. George A. O'Toole, Jr., U.S. District Judge]

 ____________________

 Before

 Torruella, Chief Judge,
 Stahl and Lynch, Circuit Judges.

 _____________________

 Isaac H. Peres, with whom Law Office of Isaac H. Peres, P.C.,
was on brief, for appellants.
 Lawrence H. Richmond, Counsel, Federal Deposit Insurance
Corporation, with whom Ann S. DuRoss, Assistant General Counsel,
Federal Deposit Insurance Corporation, Colleen J. Boles, Senior
Counsel, Federal Deposit Insurance Corporation, Kenneth R. Bermanand Sherin and Lodgen were on brief, for appellees.

 ____________________

 July 13, 1998
 ____________________ TORRUELLA, Chief Judge. The Resolution Trust Corporation
 ("RTC"), the receiver of a failed bank, filed this action to
recover under a promissory note which was executed and delivered
by defendant Roger K. Kane, Jr., ("Kane") as trustee of Northern
Spy Realty Trust, to the bank. The other defendants in this case
guaranteed payment on the note. Kane counterclaimed against the
 RTC, seeking reliance damages under the Financial Institutions
 Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). The
Federal Deposit Insurance Corporation ("FDIC"), as the statutory
 successor to the RTC in this action, moved for partial summary
 judgment as to the counterclaim.
 In a memorandum and order, the district court dismissed Kane's
counterclaim for lack of subject matter jurisdiction because he
had failed to exhaust his administrative remedies under FIRREA. 
 The Reliant Group, Ltd. ("Reliant"), to whom the FDIC had
assigned the promissory note during the course of the litigation,
then moved for entry of judgment, and the district court entered
 judgment against Kane in the amount of $4,261,370.65 plus
 interest and attorney's fees. Finding that Kane's claim for
 damages is barred by his failure to participate in the
 administrative claims review process mandated by FIRREA, we
 affirm the district court's order and judgment.
 I. BACKGROUND
 The following facts are essentially undisputed. In 1989, Kane,
as trustee of Northern Spy Realty Trust, obtained a $3.8 million
loan from Home Owners Savings Bank F.S.B. (the "Bank") to finance
 the construction of a golf course and clubhouse in Townsend,
 Massachusetts. The other defendants in this action, Kane,
individually, and two entities he controlled, Roger K. Kane, Jr.
Real Estate Trust and Northern Spy Country Club, Inc., guaranteed
the loan. The loan agreement provided that Kane would submit
specific construction requisitions to draw down on the loan. 
Upon the Bank's approval of these requisitions, it would advance
loan proceeds, up to the maximum amount authorized. Under this
arrangement, the Bank advanced approximately $2.4 million.
 On April 27, 1990, the RTC was appointed conservator of the Bank. 
As of that date, there was an outstanding construction
requisition in the amount of $61,650, against which the Bank had
advanced $37,800. Neither the Bank nor the RTC completed the
funding of this requisition. After the RTC became conservator,
Kane did not submit any further requisitions, and the RTC did not
make any further advances under the loan. After May 1990, Kane
did not make any payment of interest due under the promissory
notes.
 On September 7, 1990, the RTC was appointed receiver of the Bank. 
It published notice of the administrative claims review process
and established December 11, 1990, as the "bar date" for the
filing of claims against the Bank or the RTC as receiver. 
 On August 19, 1994, the RTC filed this action to recover under
the promissory note and guaranties. The mortgaged real estate
was subsequently sold and the proceeds turned over to the RTC,
but a deficiency remains. Kane counterclaimed against the RTC,
seeking damages under FIRREA for the RTC's alleged repudiation of
the loan agreement. Both Kane and the FDIC, the statutory
successor to the RTC in this action, moved for summary judgment
on the counterclaim. The FDIC asserted, inter alia, that the
district court lacked subject matter jurisdiction because Kane
had failed to submit his claim to the RTC for administrative
consideration within the statutory period prescribed by FIRREA. 
On this basis, the district court granted summary judgment in
favor of the FDIC.
 Subsequently, the district court entered judgment against Kane in
favor of the assignee of the promissory note, Reliant, in the
amount of $4,261,370.65 plus interest and attorney's fees. Kane
appeals. The only issue raised by appellant is whether his
failure to exhaust his administrative remedies under FIRREA bars
his counterclaim for damages.
II. DISCUSSION
 We review de novo a district court's grant of summary judgment. 
See Bethlehem Steel Export Corp. v. Redondo Constr. Corp., 140
F.3d 319, 320 (1st Cir. 1998).
 Under FIRREA, persons having claims against the assets of a
failed financial institution are subject to the administrative
claims review process prescribed by 12 U.S.C. 1821(d). Under
 1821(d)(3)(B) and (C), the FDIC (or RTC), as receiver of the
bank, must publish and mail notice of liquidation to any persons
appearing as creditors on the institution's books and allow at
least ninety days for filing of claims. See 12 U.S.C.
 1821(d)(3)(B), (C). Claimants must submit any administrative
claims to the receiver by the date specified in the published
notice, which we will refer to as the bar date. See 12 U.S.C.
 1821(d)(3)(B)(i) (late-submitted claims "shall be disallowed
and such disallowance shall be final").
 "FIRREA makes participation in the administrative claims review
process mandatory for all parties asserting claims against failed
institutions . . . ." Marquis v. FDIC, 965 F.2d 1148, 1151 (1st
Cir. 1992). The failure to participate in the administrative
process constitutes a failure to exhaust one's administrative
remedies, and thus, is a bar to judicial review. See id.; see
also Heno v. FDIC, 20 F.3d 1204, 1207 (1st Cir. 1994). However,
in certain limited circumstances, claims submitted after the bar
date are not subject to this jurisdictional bar. Late-submitted
claims are not automatically denied under 1821(d)(5)(C)(i), if
two conditions are satisfied:
 [F]irst, 'the claimant did not receive notice of the appointment
 of the receiver in time to file such claim before such date,' and
 second, the claim is filed 'in time to permit payment of such
 claim.'
 
Reliant Group, Ltd. v. Kane, No. 94-11681, slip op. at 5 (D.
Mass. April 21, 1997) (citing 12 U.S.C. 1821(d)(5)(C)(ii)(I),
(II)). This court has recognized that the FDIC's interpretation
of this statutory exception "permit[s] late filing even by
claimants who were on notice of FDIC's appointment but could not
file their claim because it did not come into existence until
after the bar date. . . ." Heno, 20 F.3d at 1209.
 The receiver established December 11, 1990, as the relevant bar
date. It is undisputed that Kane did not file an administrative
claim prior to the bar date. However, Kane avers that his claim
for damages as a result of the RTC's alleged repudiation of the
loan agreement did not accrue before December 11, 1990. He
argues that he falls within the exception for late-submitted
claims because his claim arose after that date. Specifically,
Kane asserts that the RTC constructively repudiated the loan
agreement after the bar date by failing to make any further
advances to him under the loan, and by not affirmatively giving
him adequate assurances of its performance. Having repudiated
the loan, the RTC should have then discovered that Kane was a
potential claimant, and in accordance with its internal
procedures, should have provided Kane with notice of his
opportunity to present his claim through the administrative
process. Since the RTC never provided such notice, Kane contends
that he was not required to submit his claim for administrative
consideration prior to his counterclaim in this suit.
 We hold that Kane's claim accrued prior to the bar date. Thus,
his failure to submit such a claim to the administrative claims
review process precludes judicial review. "It is generally
stated that a claim 'first accrues' when all the events have
occurred which fix the alleged liability of the defendant and
entitle the plaintiff to institute an action . . . and the
plaintiff was or should have been aware of their existence." SeeHopland Band of Pomo Indians v. United States, 855 F.2d 1573,
1577 (Fed. Cir. 1988).
 According to Kane's own counterclaim, he incurred damages when
the RTC failed to lend him any additional money under the loan
agreement, which in turn, left him unable to complete the golf
course. As of April 27, 1990, the date the RTC was appointed
conservator of the Bank, the Bank had advanced only $37,800 on a
construction requisition in the amount of $61,650. Kane
acknowledges that neither the Bank nor the RTC completed funding
this outstanding requisition, and that he did not submit any
other requisitions after this date. As a result, Kane failed to
meet an August 1990 opening date for the golf course. In
deposition testimony, Roger Kane himself conceded that the Bank's
breach of the loan agreement occurred prior to May 9, 1990. In
response to repeated questions whether the Bank was in breach
prior to that date, he responded "yes" or "absolutely yes." 
Accordingly, we find that the event fixing the defendant's
alleged liability, i.e., the RTC's failure to honor Kane's
construction requisition, occurred on or shortly after the RTC's
appointment as conservator.
 Nothing in the record suggests that the RTC's appointment as
receiver in early September 1990 extinguished this cause of
action. For instance, the receiver neither continued funding
under the loan agreement nor promised Kane that it would do so. 
Thus, Kane's claim was subject to FIRREA's administrative claims
procedure. He was aware of his claim before the Bank entered
receivership, and knew that he had at least three months from the
time of the RTC's appointment as receiver to assert it for
administrative consideration. Kane's failure to exhaust his
administrative remedies bars this action.
 Having determined that Kane's claim accrued prior to the bar
date, we need not address whether the RTC constructively
repudiated the loan agreement after that date.
III. CONCLUSION 
For the foregoing reasons, we affirm the district court's
disposition of this action.