Miller v. Conway, et al.                 CV-01-103-M    06/25/02
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


William Dexter Miller, Jr.,
      Plaintiff

      v.                                  Civil No. 01-103-M
                                          Opinion No. 2002 DNH 125
Richard Conway, et al.,
      Defendants


                          **O R D E R**


      Pro se plaintiff, William Dexter Miller, Jr., brings this

action against numerous individuals and entities, including local

police officers from the towns of Barrington, Rochester, Dover

and Farmington; state police officers; state judicial officers;

town selectmen; a county prosecutor; the director of the New

Hampshire Division of Motor Vehicles; and the Strafford County

Correctional Facility.  Miller also seeks relief against several

other individuals who are not named in his complaint (e.g.,

"Governor Shaheen should be reprimanded by this Court" (complaint

at para. 52); "We ask this Court to issue an injunction against

any further [local] tax collection activities" (id.)).

His original complaint, consisting of 19 single-spaced pages, is a lengthy account of what Miller says is a series of wrongs he has suffered over the years at the hands of the various defendants. It does not, however, shed much light on the exact claims he is advancing against particular defendants. His amended complaint (which was filed in response to an order by the Magistrate Judge) does little to clarify the precise legal theories he advances or the causes of action he seeks to pursue.

Generally speaking, Miller describes his complaint as an effort to recover (on behalf of himself and others) compensatory and punitive damages, as well as injunctive and declaratory relief, for what he says is a "Campaign of Mixed War - Administrative Abuse, Harassment, False Arrest, Deprivation of Rights, Criminal Trespass, Assault, Battery, Unlawful Search and Seizure, Slander, [and] Racial Abuse." Complaint at 1. As part of his initial review of Miller's complaint, the Magistrate Judge liberally construed it to allege:

> various civil rights violations by the State of New Hampshire and its employees acting under color of state law, and by the County of Strafford and Towns of Rochester, Farmington and Dover and their employees acting under color of state law. Specifically, he

2

alleges claims of police misconduct, false arrest, excessive force and malicious prosecution in violation of his Fourth and Fourteenth Amendment rights. In addition, he alleges that he was denied adequate medical care while incarcerated at the Strafford County Correctional Facility in violation of his Eighth or Fourteenth Amendment rights.

Order dated January 7, 2002 (document no. 10) at 2 (noting that, as to Miller's claims against the correctional facility, it is unclear whether he was an inmate or a pre-trial detainee and, therefore, impossible to tell whether his claims are brought under the Eighth or Fourteenth Amendment).

The following defendants have moved to dismiss Miller's complaint, saying it fails to state viable causes of action and/or that Miller failed to properly effect service of process: Scott Roberge (document no. 23); Lincoln Soldati (document no. 34); Strafford County, New Hampshire (document no. 35); William Tsiros, Gerald McCarthy, John Fitch, and Ernest Creveling (document no. 36); and Franklin Jones, Robert Carignan, Marilyn Drues, and Virginia Beecher (document no. 37). On June 5, 2002, Miller filed a "Response to Motions to Dismiss" (document no. 39), which the court has treated as an objection. In it, Miller says that, "This is a general response to the various motions to

3

dismiss, by the respective defendants.  Specific responses to each respective motion and supporting memoranda will follow within the next six days."  Id., at 1.  Nearly three weeks have passed, however, and no such supplemental objections or supporting memoranda have been filed.

**Discussion**

I.    Improper Service of Process.

In response to the assertion that he neglected to properly effect service of process, Miller does not deny that he failed to comply with the applicable Federal Rules of Civil Procedure.  Instead, he seems to suggest that because he has not agreed to be bound by those rules, they do not, or should not, apply to him.

> As to the claim by the various defendants that the process was improperly served:  Once again, as noted in previous documents to your Court, this affiant, a self-identified Constitutional Sovereign, is seeking a venue for the adjudication of lawful grievances, against those who have violated, by overt actions, and/or by tacit approval, the Constitutional/Social Contract principles of accountability for governmental officials, the primacy of self-governing individual liberties and government by the consent of the governed.  In said process of remedy and redress, this affiant never subscribed, willfully and knowingly, to any form of jurisdiction, American Bar Association, incorporated UNITED STATES, or any other, whereby the right to remedy and redress is superceded by any "rules

4

of procedure," of any other artifice of modern "legality."

Plaintiff's objection at 2.


It goes without saying that Miller is free to accept or reject the Federal Rules of Civil Procedure, just as he is free to peacefully and lawfully resist any perceived efforts to undermine his rights and status as "not a corporate Fourteenth Amendment 'Citizen of the United States,' but [as] a private natural freeborn Sovereign." See Complaint at para. 44, 47. If, however, he elects to seek redress for his alleged injuries as a citizen or under the laws of the United States in a federal forum, he must comply with applicable federal rules of procedure.


Here, because Miller has acknowledged his failure to complete service of process in accordance with those rules, and because he professes a steadfast refusal to do so in the future, the court is left with no option but to dismiss those defendants who have not been properly served; affording Miller additional time to properly effect service of process would be pointless, given his expressed position on that subject.


5

II.  <u>Failure to State a Claim</u>.

Several defendants also move to dismiss Miller's complaint on the additional ground that it fails to state viable causes of action against them (e.g., the complaint contains no allegations of an unlawful "custom or policy" in claims against municipal defendants; the complaint contains no allegations sufficient to overcome judicial immunity; suspension of a driver's license does not, as a matter of law, unconstitutionally violate an individual's right of interstate travel; Eleventh Amendment immunity shields state actors from suits for damages when sued in their official capacities; etc).  Miller's objection does not, however, directly address the arguments advanced by defendants, nor does it seek to explain how his complaint sets forth viable (i.e., legally recognized) causes of action, nor has Miller sought leave to amend his complaint again.  Instead, he seems to suggest that a jury, rather than the court, should determine whether he has alleged the essential elements of cognizable claims.

> [I]n addition to the intended protective barrier of
> "service of process/Rule of Civil Procedure 4," various
> defendants have brought forth legalistic jargon, and
> cited precedents which purport to provide them with
> some form of "immunity," from their accountability to

6

the Social Contract. . . . Any legalistic jargon, any "precedent," any artifice that would be used to deny the Citizen accountability for the actions or failures to act, of public officials, constitutes a mixed question of law and fact, which this affiant is stating, must be determined by a jury of American peers. There is no jargon, [no] legale[s]e, that can properly deny a Citizen of the American Republic, a remedy and redress, when the evidence shows a prejudicial campaign to deprive him of his rights, his dignity, and of accountability under the Social Contract.

Id., at 2-3.

It is clear that Miller is convinced that he has suffered compensable harm at the hands of the various defendants. Nevertheless, as he surely appreciates, to obtain compensation for the indignities he claims he was forced to endure, he must articulate viable, legally recognized claims against the defendants. Additionally, in order to obtain monetary relief from individuals or entities that are normally shielded from such awards by constitutional or common law principles of immunity (e.g., Eleventh Amendment immunity for the State, judicial immunity for judges and judicial officers, etc.), he must identify some reason why those principles do not apply in this case. Despite repeated opportunities to amend his complaint to

7

state viable causes of action, supported by clear factual allegations against each defendant, he has failed to distill his claims into cognizable causes of action.

## Conclusion

For the reasons set forth above, and for the reasons set forth in the various defendants' motions and memoranda, the motions to dismiss filed by the following defendants are granted: Scott Roberge (document no. 23); Lincoln Soldati (document no. 34); Strafford County, New Hampshire (document no. 35); William Tsiros, Gerald McCarthy, John Fitch, and Ernest Creveling (document no. 36); and Franklin Jones, Robert Carignan, Marilyn Drues, and Virginia Beecher (document no. 37).

**SO ORDERED**.

_____
Steven J. McAuliffe
United States District Judge

June 25, 2002

cc:  William G. Scott, Esq.
     John A. Curran, Esq.
     Walter Haycock, Sr.
     Daniel J. Mullen, Esq.
     William D. Miller, Jr.
     Corey M. Belobrow, Esq.

8