Miller v. Conway, et al.          CV-01-103-M    09/03/02
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


William Dexter Miller, Jr.,
      Plaintiff

      v.                                    Civil No. 01-103-M
                                            Opinion No. 2002 DNH 160
Richard Conway, et al.,
      Defendants


                          **O R D E R**


      Pro se plaintiff, William Dexter Miller, Jr., brings this

action against numerous individuals and entities, including local

police officers from the towns of Barrington, Rochester, Dover

and Farmington; state police officers; state judicial officers;

town selectmen; a county prosecutor; the director of the New

Hampshire Division of Motor Vehicles; and the Strafford County

Correctional Facility.  Miller also seeks relief against several

other individuals who are not named as defendants in his

complaint (e.g., "Governor Shaheen should be reprimanded by this

Court" (complaint at para. 52); "We ask this Court to issue an

injunction against any further [local] tax collection activities"

(id.)).

By order dated June 25, 2002, the court granted the motions to dismiss filed by the following defendants: Scott Roberge, Lincoln Soldati, William Tsiros, Gerald McCarthy, John Fitch, Ernest Creveling, Franklin Jones, Robert Carignan, Marilyn Drues, Virginia Beecher, and Strafford County, New Hampshire, concluding that the claims against those defendants either failed to state viable causes of action and/or were not properly served upon the defendants.

Although it is difficult to discern precisely what claims Miller advances against each of the various remaining defendants, he describes his complaint, in general terms, as an effort to recover (on behalf of himself and others) compensatory and punitive damages, as well as injunctive and declaratory relief, for what he says is a "Campaign of Mixed War - Administrative Abuse, Harassment, False Arrest, Deprivation of Rights, Criminal Trespass, Assault, Battery, Unlawful Search and Seizure, Slander, [and] Racial Abuse." Complaint at 1.

As to defendant Walter "Bubba" Haycock, it appears that Miller's claims are based upon alleged violations of New

Hampshire common law, over which he implicitly asks the court to exercise supplemental jurisdiction. See Complaint at para. 23 ("On June 8, 1998, Marie L. Miller [no longer a party to this action], was subjected to indecent exposure, racial slurs, and slander, by "Bubba" Haycock, Sr."). See also id. at para. 19 (complaining about harassing conduct in which Haycock's sons are alleged to have engaged). It is, however, possible that Miller is also attempting to advance claims against Haycock pursuant to 42 U.S.C. § 1983. See Complaint at para. 21 ("Haycock is known to be a recipient of federal 'entitlement' aid. Certainly, this strengthens the case for federal jurisdiction, in that the Plaintiffs will ask the Court to compel an investigation from some level and agency of government, to investigate whether Haycock is being federally subsidized in some form of racketeering.").

Haycock moves to dismiss all claims against him, saying they fail to set forth viable, cognizable causes of action. See Fed. R. Civ. P. 12(b)(6). Miller objects.

3

## Discussion

To the extent Miller has attempted to articulate claims against Haycock under 42 U.S.C. § 1983, his complaint fails to allege at least one essential element of such claims: that Haycock acted under color of state law.[1] As the Supreme Court has observed, "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." Conn v. Gabbert, 526 U.S. 286, 290 (1999). See also Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982). So, to state a viable claim under § 1983, a plaintiff must allege "both the existence of a federal constitutional or statutory right, and a deprivation of that right by a person acting under color of state law." Rockwell v. Cape Cod Hosp., 26 F.3d 254, 256 (1st Cir. 1994) (citation omitted). See also Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 253 (1st Cir. 1996) ("Since § 1983 is aimed at state action and state actors, . . . persons victimized by the tortious conduct of private parties must ordinarily explore other avenues of redress.") (citation omitted).

---

[1]     It is also unclear exactly which of his federally protected rights Miller claims were violated by Haycock's alleged conduct.

4

There are, of course, exceptions to this general rule. For example, "private actors may align themselves so closely with either state action or state actors that the undertow pulls them inexorably into the grasp of § 1983." Id. at 253-54. This case, however, does not fall within the scope of such an exception. While Miller says that Haycock is "known to be a motorcycle traveling partner of Farmington Police Chief, Scott Roberge," id. at para. 20, that allegation is insufficient to create even an inference that Haycock, who is not a public official or state actor, acted in concert with state actors to deprive Miller of federally protected rights. See generally Perkins v. Londonderry Basketball Club, 196 F.3d 13, 18 (1st Cir. 1999) (observing that courts have traditionally concluded that a private actor becomes a "state actor" if it assumes a traditional public function when it undertakes to perform the challenged conduct, or an elaborate financial or regulatory nexus ties the challenged conduct to the State, or a symbiotic relationship exists between the private entity and the State). See also Nat'l A-1 Advertising, Inc. v. Network Solutions, Inc., 121 F. Supp. 2d 156 (D.N.H. 2000). As to Miller's related argument, he is incorrect to the extent he asserts that simply because Haycock (allegedly) receives some

5

sort of federal aid, he is a state actor for purposes of § 1983. Because Miller's complaint fails to allege the essential elements of viable claims against Haycock under 42 U.S.C. § 1983, those claims are dismissed.

As to Miller's state law claims against Haycock, they too must be dismissed.[2] First, the majority of claims against Haycock relate to his conduct toward third parties, none of which is alleged to have resulted in direct harm to Miller. See

_____

[2] Parenthetically, the court notes that it is appropriate to exercise supplemental jurisdiction over Miller's state law claims against Haycock, since they arise out of the same core of operative facts that give rise to Miller's federal claims. See, e.g., Roche, 81 F.3d at 256 ("A federal court exercising jurisdiction over an asserted federal-question claim must also exercise supplemental jurisdiction of asserted state-law claims that arise from the same nucleus of operative facts."). This is particularly true in this case, since some federal claims, arising out of the same operative facts, still remain against other defendants. Although it appears that the court of appeals for this circuit has yet to address this particular situation, at least one legal commentator has suggested that when all federal claims against one defendant have been dismissed, but other federal claims remain against other defendants, courts may not decline to exercise supplemental jurisdiction. See 16 Moore's Federal Practice, § 106.66[1] (3rd ed. 1998) ("If a defendant faces only state claims, the court must exercise its supplemental jurisdiction over those claims as long as claims remain against other defendants for which original jurisdiction is present."). See also 28 U.S.C. § 1367(c) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.") (emphasis supplied).

Complaint at paras. 20-23 (alleging that Haycock assaulted an unidentified third party, is being "federally subsidized in some form of racketeering," and indecently exposed himself to Marie L. Miller and shouted racial slurs at her). The remaining allegedly wrongful conduct identified in the complaint and at least arguably pertaining to Haycock actually relates to "Haycock partisans," complaint at paras. 20 and 28; "associates of Haycock," id. at para. 28; and Haycock's sons, id. at para. 19 and 29. The complaint fails, however, to identify any legal theory under which Haycock might be liable for the unlawful conduct of those third parties. Nor does it allege sufficient facts to permit the court to infer that Miller has implicitly alleged such a cause of action (e.g., negligent supervision, respondeat superior, etc.).

## Conclusion

In light of the foregoing, Miller's complaint fails to state viable claims against defendant Haycock under either New Hampshire common law or 42 U.S.C. § 1983. Accordingly, Haycock's motion to dismiss (document no. 43) is granted and all claims against him are dismissed.

7

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 3, 2002

cc:   William G. Scott, Esq.
      Edgar D. McKean, III, Esq.
      William D. Miller, Jr.