Miller v. Conway, et al.          CV-01-103-M   05/22/03
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


William Dexter Miller, Jr.,
      Plaintiff

      v.                                Civil No. 01-103-M
                                        Opinion No. 2003 DNH 063
Richard Conway, et al.,
      Defendants


                          **O R D E R**


      In March of 2001, pro se plaintiff filed this action against

twenty-three state and local political, law enforcement, and

judicial officers.  He also named as a defendant the Strafford

County Correctional Facility.  Although the precise legal basis

for many of his claims was never entirely clear, plaintiff

described this litigation as an effort to recover compensatory

and punitive damages, as well as injunctive and declaratory

relief, for what he said was a "Campaign of Mixed War -

Administrative Abuse, Harassment, False Arrest, Deprivation of

Rights, Criminal Trespass, Assault, Battery, Unlawful Search and

Seizure, Slander, [and] Racial Abuse."  Complaint at 1.

At this stage of the litigation, nearly all defendants have been dismissed for various reasons. See Miller v. Conway, 219 F. Supp. 2d 183 (D.N.H. 2002); Miller v. Conway, 2002 DNH 125 (D.N.H. June 25, 2002). The remaining defendants - law enforcement officers from the Barrington and Rochester Police Departments - move for summary judgment as to all claims against them.

**Discussion**

Although plaintiff has submitted a response to defendants' motion, he does not object to the entry of summary judgment in their favor. Plaintiff's Response (document no. 58) at 8 ("I am not averse to the notion of a summary judgement [sic] being rendered in this matter, since my family and I have been held captive by these matters for so long, and since I have lost all faith and confidence that justice can be obtained within the courts of this land."). And, because plaintiff has not submitted any affidavits or deposition testimony along with his response, the court will accept as true and uncontested the material facts alleged by defendants in their memorandum. Based upon that

2

record, it is plain that all remaining defendants are entitled to judgment as a matter of law.

First, plaintiff's claims against the Barrington Police Department and its officers (arising out of his 1996 arrest) are barred by the pertinent statute of limitations. See, e.g., Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 2 (1st Cir. 1995) ("The limitation period governing personal injury actions under the law of the forum state is borrowed for application to section 1983 claims."). See also N.H. Rev. Stat. Ann. 508:4 I (establishing a three-year limitations period for personal injury actions in New Hampshire).

As to the claims against the Rochester Police Department and its officers (arising out of plaintiff's arrest in 2000), the uncontested material facts (including accounts of the relevant events from plaintiff's deposition) demonstrate that plaintiff's arrest was supported by probable cause.[1]  Moreover, even in the

---

[1]    Plaintiff concedes (or, at a minimum, does not contest) that he was driving after sunset with a non-functioning headlight; his license to operate had been suspended; there was an outstanding bench warrant for his arrest; and he fled the scene after he was told he was under arrest, resulting in a brief chase involving at least two police cruisers.

unlikely event that one could reasonably conclude that probable cause was lacking, defendants would be entitled to qualified immunity, since a reasonable police officer faced with the circumstances that preceded plaintiff's arrest could have believed that probable cause existed to effectuate that arrest. See generally Hunter v. Bryant, 502 U.S. 224 (1991); Rivera v. Murphy, 979 F.2d 259 (1st Cir. 1992). Finally, the record also reveals that, as a matter of law, defendants did not use excessive force while taking plaintiff into custody.

## Conclusion

Largely for the reasons set forth in defendants' memorandum, and for the reasons discussed briefly above, and because plaintiff does not object to the entry of summary judgment in favor of all remaining defendants, defendants' motion for summary judgment (document no. 57) is granted.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

4

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 22, 2003

cc:  William G. Scott, Esq.
     William D. Miller, Jr.