[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-2339

ARTHUR JACKSON,

Plaintiff, Appellant,

v.

RALPH C. MARTIN, II; CHARLES J. BARTOLONI; KEVIN CURTIN;
MICHAEL CHINMAN; MATTHEW M. ROSINI; JOHN DOE;
TANIS M. YANNETTI; EUGENE HURLEY; COMMONWEALTH OF
MASSACHUSETTS; THOMAS F. REILLY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

Before

Torruella, Circuit Judge,
Bownes, Senior Circuit Judge,
and Lipez, Circuit Judge.

Arthur Jackson on brief pro se.
Merita A. Hopkins, Corporation Counsel, and William J.
Donahue, Assistant Corporation Counsel, City of Boston Law
Department, on brief for appellee Eugene Hurley.
Thomas E. Reilly, Attorney General, and Elizabeth Klein
Frumkin, Assistant Attorney General, on brief for the
Prosecutorial appellees and the Commonwealth of Massachusetts.

July 10, 2001

**Per Curiam**.  Arthur Jackson appeals the district court's dismissal of his complaint pursuant to Fed. R. Civ. P. 12(b)(6).  We review such a dismissal de novo.  Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 2 n.3 (1st Cir. 1995).  The district court dismissed the complaint without prejudice, as premature under Heck v. Humphrey, 512 U.S. 477 (1994).  We have considered the parties' briefs and the record on appeal.  We affirm, essentially for the reasons stated in the district court's Memorandum and Order, dated September 11, 2000.

On appeal, Jackson refocuses his claim specifically to the 28 day period between his detention on the armed robbery warrant (January 2, 1997) and the grant of his new trial motion on the receiving stolen property conviction (January 30, 1997).  This newly emergent argument was not made to the district court below and, therefore, is waived. See United States v. Slade, 980 F.2d 27, 31 (1st Cir. 1992) ("a party is not at liberty to articulate specific arguments for the first time on appeal simply because the general issue was before the district court").  This appeal does not warrant excusing the raise-or-waive rule.  Jackson is unable

to show actual, compensable injury, see Heck v. Humphrey, 512 U.S. at 487 n.7, because, should he be convicted of the armed robbery charges, he will be credited with the time served during this 28 day period (indeed, he will be credited with the entire period he served on the receiving stolen property conviction) towards any sentence he might receive on the armed robbery charges.

Affirmed.