**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 10-1897

FUNDADOR MORENO-MEDINA, ET AL.,

Plaintiffs, Appellants,

v.

PEDRO TOLEDO, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Torruella, Stahl, and Thompson,
Circuit Judges.

Frank D. Inserni-Milam, for appellants.
Ivonne Cruz Serrano, with whom Angel E. Rotger-Sabat and
Maymi, Rivera & Rotger, P.S.C., were on brief for appellees José A.
Morales Vázquez and Wilfredo Morales Rivera.

January 17, 2012

**STAHL**, **Circuit Judge**. Plaintiffs-appellants Fundador Moreno-Medina (Moreno) and his wife, Ivette Banuchi-Rodríguez (Banuchi), filed this Section 1983 action against a group of Puerto Rican police officers. Two of the officers, defendants-appellees José A. Morales Vázquez and Wilfredo Morales Rivera, moved to dismiss. The district court granted their motion and dismissed the complaint, finding that all but one of the plaintiffs' claims were time-barred and that the plaintiffs had failed to plead sufficient facts supporting their remaining claim for malicious prosecution. The facts of this case, if true, are egregious. In the end, however, there is relatively little for us to address on appeal, and we affirm.

## I. Facts & Background

We recite the facts only as they are relevant to this appeal, accepting all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs. See, e.g., Artuso v. Vertex Pharm., Inc., 637 F.3d 1, 5 (1st Cir. 2011).

On November 29, 2006, just before midnight, Moreno and Banuchi were getting ready for bed when a group of armed men in dark clothing stormed into their house. Without identifying themselves, the men separated Moreno and Banuchi and searched the house. One of the men guarded over Banuchi, refusing to let her move from the bed or change into proper clothing. The plaintiffs,

-2-

who believed they were being robbed, were understandably quite frightened.

As it turned out, the armed men were police officers executing a search warrant, though they never showed the plaintiffs a warrant, even after Moreno asked to see one. A search of the house allegedly uncovered bullets, marijuana, transparent plastic bags, and large amounts of cash. The officers arrested Moreno and took him to the home of his eighty-three-year-old mother, apparently in search of a firearm. The officers performed a search of the mother's house. Though they did not find a firearm, the officers said they found a white powdered substance and bullets in Moreno's mother's room.

Moreno was detained for four or five hours at the police precinct and was then booked and subpoenaed to appear in court. He was charged with four counts of violating the Puerto Rico Controlled Substances Act and two counts of violating the Firearms Law of Puerto Rico. The officers provided Moreno with an inventory of his two motor vehicles, which they had seized. They did not provide an inventory of the various other items they had apparently seized, including jewelry, a digital camera, lottery tickets, and more than $10,000.00 in cash. Moreno alleges that his property was never returned to him.

In the ensuing criminal prosecution, Moreno's attorney moved to suppress all of the evidence, arguing that it had been

obtained based on false information. The superior court held an evidentiary hearing, at which defendant Miguel Arocho Irizarry (Arocho) testified. Arocho is the police officer who obtained the warrant to search the plaintiffs' house. The superior court found that the warrant had been issued based on Arocho's false testimony and an unsubstantiated tip from an informant. The court therefore granted Moreno's motion to suppress. On July 1, 2008, upon request of the district attorney's office, the court dismissed all of the charges against Moreno.

The plaintiffs filed their complaint almost one year later, on June 1, 2009, claiming $366,399.79 in losses, as well as emotional and psychological damages in the amount of at least $1.5 million. They included several causes of action against the officers who searched their house, as well as claims against those officers' supervisors under a respondeat superior theory of liability. The plaintiffs alleged, among other things, that the defendants were liable under 42 U.S.C. § 1983 for violating their Fourth Amendment rights to be free from unreasonable searches and seizures and their Fourteenth Amendment rights not to be deprived of property and liberty without due process of law.

The defendants moved to dismiss. The district court granted the motion, finding that all of the plaintiffs' claims were time-barred except a possible malicious prosecution claim. See Medina v. Toledo, 718 F. Supp. 2d 194 (D.P.R. 2010). The court

reasoned that the plaintiffs' claims had begun to accrue at the time of the injury or wrongful act, which in this case was the date of the last search and seizure, November 30, 2006. See Gorelik v. Costin, 605 F.3d 118, 121-22 (1st Cir. 2010). Applying Puerto Rico's one-year prescriptive period for tort actions, see Santana-Castro v. Toledo-Dávila, 579 F.3d 109, 114 (1st Cir. 2009), the court found that the plaintiffs' Section 1983 claims stemming from the unlawful searches and seizures and from Moreno's arrest were time-barred, because the plaintiffs had filed those claims two and a half years after the searches and seizures occurred.[1]

There was, however, one claim that survived the statute of limitations. In response to the defendants' motion to dismiss, the plaintiffs for the first time described their Section 1983 claim as one for malicious prosecution, and a malicious prosecution claim does not begin to accrue until the criminal proceedings terminate. See Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001). The district court found that this would-be malicious prosecution claim, which the plaintiffs had raised "almost as an afterthought," would have begun to accrue on July 1, 2008, the date

_____

[1] The complaint also included claims under the Fifth and Tenth Amendments, which the plaintiffs dropped in their opposition to the motion to dismiss, and a claim under the First Amendment, which the plaintiffs did not address in response to the motion to dismiss and which the district court found was time-barred anyway. In addition, the plaintiffs included supplementary state law claims under the Puerto Rico Constitution and the Puerto Rico Civil Code. Because the plaintiffs have not raised any of these claims on appeal, we do not address them here.

when the superior court dismissed the criminal charges against Moreno, and thus would have been timely filed. Medina, 718 F. Supp. 2d at 205. Noting that the parties had failed to provide any useful argumentation as to whether the plaintiffs had satisfied the elements of malicious prosecution, the court was "forced to abandon the parties' briefs and do their homework for them." Id. The court concluded that the plaintiffs had failed to state a cognizable claim of malicious prosecution under Section 1983, because they had established neither the state law elements of malicious prosecution nor the deprivation of a federal constitutional right.

The plaintiffs filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which the district court denied. This appeal followed.

## II. Discussion

Our review on appeal is narrow; the plaintiffs only challenge two of the district court's holdings. They argue that the court erred by: (1) dismissing their malicious prosecution claim; and (2) denying their Rule 59(e) motion.

### A. The Malicious Prosecution Claim

We review de novo an order granting a motion to dismiss, accepting all well-pleaded facts as true and drawing all reasonable inferences in favor of the non-moving party. Artuso, 637 F.3d at 5. For a complaint to survive a motion to dismiss, it must allege

"a plausible entitlement to relief," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007), meaning that the allegations, taken as true, are "enough to raise a right to relief above the speculative level," id. at 555. That standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556). It is not met here.

Because the procedural posture of this case allows us to do so, we assume, without deciding, "that malicious prosecution can embody a Fourth Amendment violation and, thus, ground a cause of action under section 1983." Harrington v. City of Nashua, 610 F.3d 24, 30 (1st Cir. 2010); see also Wallace v. Kato, 549 U.S. 384, 390 n.2 (2007). In this circuit, a plaintiff seeking to bring a malicious prosecution claim under Section 1983 must do more than simply satisfy the elements of the common law tort of malicious prosecution. See, e.g., Britton v. Maloney, 196 F.3d 24, 28-29 (1st Cir. 1999). The plaintiff must "show a deprivation of liberty, pursuant to legal process, that is consistent with the concept of a Fourth Amendment seizure." Harrington, 610 F.3d at 30. The district court found that the plaintiffs had established neither the state law elements of malicious prosecution nor a deprivation of liberty that amounted to a Fourth Amendment seizure. Because "the essential elements of actionable section 1983 claims derive first and foremost from the Constitution itself, not

necessarily from the analogous common law tort," Calero-Colón v.
Betancourt-Lebron, 68 F.3d 1, 4 (1st Cir. 1995), we discuss only
the federal inquiry here.

In a malicious prosecution case brought under Section
1983, "the constitutional violation lies in the 'deprivation of
liberty accompanying the prosecution' rather than in the
prosecution itself." Britton, 196 F.3d at 29 (quoting Gallo v.
City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998)).
Typically, the alleged deprivation takes "the form of an arrest
warrant (in which case the arrest would constitute the seizure) or
a subsequent charging document (in which case the sum of
post-arraignment deprivations would comprise the seizure)."
Nieves, 241 F.3d at 54. Moreno's arrest occurred without a
warrant, which means it "antedated any legal process" and "cannot
be part of the Fourth Amendment seizure" upon which the plaintiffs
base their malicious prosecution claim.[2] Id. The plaintiffs must

---

[2] Although Moreno's arrest was made during the execution of a
search warrant, which could conceivably form the basis for a Fourth
Amendment malicious prosecution claim, see Meehan v. Town of
Plymouth, 167 F.3d 85, 89 n.3 (1st Cir. 1999), Moreno did not make
such an argument until he moved for reconsideration below, and he
has not developed the argument at all on appeal. It is therefore
waived. See Dillon v. Select Portfolio Servicing, 630 F.3d 75, 80
(1st Cir. 2011) ("When a party makes an argument for the first time
in a motion for reconsideration, the argument is not preserved for
appeal."); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)
("[I]ssues adverted to in a perfunctory manner, unaccompanied by
some effort at developed argumentation, are deemed waived.").
In addition, while Moreno's warrantless arrest might
theoretically have provided grounds for a false arrest action under
Section 1983, the district court determined that such an action was

therefore show "some post-arraignment deprivation of liberty, caused by the application of legal process, that approximates a Fourth Amendment seizure." Id. That requires them to do more than simply allege that Moreno was forced to attend court proceedings, notify the court of a change in address, or refrain from committing further crimes. Harrington, 610 F.3d at 32. The plaintiffs must allege that Moreno was in some way forced to "'yield' to the assertion of authority over him and thereby [had] his liberty restrained," for example by being detained or having his travel restricted. Britton, 196 F.3d at 30.

Though the plaintiffs correctly summarize the federal standard in their brief on appeal, they nonetheless inexplicably fail to make any argument as to how or when Moreno was "seized." Instead, they focus their argument on whether the defendants acted with malice, as required to establish the state law elements of malicious prosecution. Construing the plaintiffs' complaint in the light most favorable to them, the district court speculated that the only potentially cognizable post-arraignment deprivation Moreno suffered was having to post a $10,000.00 bond. The court concluded that, because Moreno was able to post the bond and was not detained, the bond was a "run-of-the-mill" pre-trial release condition and did not amount to a Fourth Amendment seizure. Nieves, 241 F.3d at 55; see also Harrington, 610 F.3d at 32-33.

_____

time-barred. Moreno does not appeal that decision here.

-9-

Because the plaintiffs have not put the issue squarely before us, we need not address today whether a post-arraignment release on bond, standing alone, could ever approximate a Fourth Amendment seizure for purposes of a Section 1983 malicious prosecution claim. The complaint here includes no mention of malicious prosecution and only a cursory mention of the Fourth Amendment, and the plaintiffs have made no attempt to explain where in that complaint we might find sufficient facts to establish something akin to a Fourth Amendment seizure.

The plaintiffs chose to bring this action in federal court. As such, they were required to plead sufficient facts to "show a deprivation of liberty, pursuant to legal process, that is consistent with the concept of a Fourth Amendment seizure." Harrington, 610 F.3d at 30. They have failed to do so. "Even during appellate review of a Rule 12(b)(6) dismissal, which takes place under a set of plaintiff-friendly guidelines, the reviewing court cannot be expected to 'do counsel's work, create the ossature for the argument, and put flesh on its bones.'" Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev., 421 F.3d 1, 6 (1st Cir. 2005) (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)). The district court properly dismissed the plaintiffs' malicious prosecution claim.

## B.  The Rule 59(e) Motion

We review for abuse of discretion the district court's denial of a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).  Negrón-Almeda v. Santiago, 528 F.3d 15, 25 (1st Cir. 2008).  After the district court issued its decision, the plaintiffs filed, along with their Rule 59(e) motion, a copy of the state superior court order suppressing the evidence against Moreno.  They argued that the suppression order established that the defendants had acquired the search warrant with malice and that the warrant constituted the initiation of a criminal action under Puerto Rico common law.  The plaintiffs did not, however, address the district court's finding that they had failed to plead sufficient facts to establish the deprivation of a federal constitutional right, which, as discussed above, was dispositive.

Because the plaintiffs have shown no manifest error of law or newly discovered evidence, the district court did not abuse its discretion by denying their Rule 59(e) motion.  See, e.g., Redondo Waste Sys., Inc. v. López-Freytes, 659 F.3d 136, 142 (1st Cir. 2011).

## III.  Conclusion

Like the district court, we conclude that this unfortunate case is one in which "[a] ripe civil rights suit was left to rot."  Nieves, 241 F.3d at 57.  We thus affirm.