**Javier CRUZ–CARABALLO, Plaintiff**

**v.**

**Orlando RODRIGUEZ; Arlene Torres–Reyes; Ana Guzman; Katherine Salicrup; Miguel Torres; Julio Rivera–Cotto; Alejandro Colon; Urda Valles–Colon; Eyleen Jusino–Cruz; Aleris Pillot–Lozada; Denise Martinez; Unknown Penal Officers who participated; and their Conjugal Partnerships formed by each with their respective spouses, Defendants.**

**Civil No. 14–1523 (FAB).**

United States District Court,
D. Puerto Rico.

Signed July 13, 2014.

---

13. Document no. 22.

Osvaldo Perez–Marrero, Osvaldo Perez Marrero Law Offices, San Juan, PR, for Plaintiff.

Jaime J. Zampierollo–Vila, Puerto Rico Department of Justice, San Juan, for Defendant.

## MEMORANDUM AND ORDER [1]

BESOSA, District Judge.

Before the Court is defendants' motion to dismiss, (Docket No. 17), which plaintiff opposes, (Docket No. 26). For the reasons below, the Court **GRANTS** defendants' motion.

## PROCEDURAL HISTORY

On July 1, 2014, plaintiff Javier Cruz–Caraballo ("Cruz") filed a complaint pursuant to 42 U.S.C. § 1983 against Julio Rivera–Cotto ("Rivera"), Miguel Torres–Andujar ("Torres–Andujar"), Ana Guzman–Leon ("Guzman"), Orlando Rodriguez–Cochran ("Rodriguez"), Catherine Salicrup–Santaella ("Salicrup"), Arlene Torres–Reyes ("Torres–Reyes"), Denise Martinez–Alvalle ("Martinez"), Alejandro Colon–Lopez ("Colon"), Eyleen Jusino–Cruz ("Jusino"), Aleris Pillot–Lozada ("Pillot"), and Urda Valles–Colon ("Valles") (collectively, "defendants"). (Docket No. 1.) Cruz alleges violations of his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, specifically his right to be free from cruel and unusual punishment and false and unlawful extension of imprisonment. *Id.* He also brings pendent claims pursuant to Puerto Rico's Constitution and laws. *Id.*

On November 17, 2014, defendants [2] filed a motion to dismiss pursuant to Fed-

---

1. Natalie Colvin, a second-year law student at The George Washington University Law School, assisted in the preparation of this Memorandum and Order.

2. Originally, defendants Rivera, Torres–Andujar, Guzman, Rodriguez, Salicrup, Torres–Reyes, Martinz, Colon, and Jusino moved to dismiss. *See* Docket No. 17. Defendants Pil-

eral Rule of Civil Procedure Rule 12(b)(6), arguing that Cruz's complaint fails to state a claim upon which relief can be granted. (Docket No. 17.) On January 2, 2015, Cruz opposed defendants' motion. (Docket No. 26.)

## FACTUAL BACKGROUND

In his complaint, plaintiff Cruz alleges the following facts which the Court treats as true for the purposes of deciding defendants' motion to dismiss:

Plaintiff Cruz was found guilty of a crime committed in 1994, and on January 19, 1996, he was sentenced to serve 28 years in prison. (Docket No.1 at p. 5.) On September 12, 2001, he was permitted to participate in Puerto Rico's Administration of Corrections ("ACR") Electronic Supervision Program ("ESP"). *Id.* On January 30, 2004, after two years, four months and eighteen days, Cruz was taken off of the ESP and re-incarcerated. *Id.*

On July 8, 2013, Cruz filed an administrative remedy request before the ACR, claiming that he had served his prison sentence and requesting credit for his time in the ESP. (Docket No.1 at p. 5.) The ACR denied his request on July 12, 2013 for lack of specificity. *Id.* On July 30, 2013, Cruz filed a second request for administrative relief, which the ACR denied on August 21, 2013. *Id.* at pp. 5–6. On this occasion, the ACR's denial was based on an erroneous application of Puerto Rico's Article 10–B of Public Law No. 49, a law approved after the crimes charged to Cruz took place. *Id.* Having exhausted his administrative remedies, Cruz filed a *habeas corpus* petition before the Guayama Superior Court, and a hearing was subsequently held with the participation of most of the defendants named in this case. *Id.*

The court determined that Article 10–B is prospective, and thus deemed unfounded the ACR's refusal to grant Cruz credit for time spent in the ESP. *Id.* Cruz was thereafter released. *See id.*

## STANDARD

Federal Rule of Civil Procedure Rule 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), a "court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom." *R.G. Fin. Corp. v. Vergara–Nuñez,* 446 F.3d 178, 182 (1st Cir. 2006). "[A]n adequate complaint must provide fair notice to the defendants," *Ocasio–Hernandez v. Fortuno–Burset,* 640 F.3d 1, 12 (1st Cir.2011), and "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Although a complaint's factual allegations need not be detailed in order to survive dismissal, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

In analyzing whether a complaint meets the plausibility requirements set out by *Twombly* and *Iqbal,* the Court employs a familiar two-step approach. *See Ocasio–Hernandez,* 640 F.3d at 12. The Court first identifies and disregards statements in the complaint that offer "legal conclu-

---

lot and Valles later moved to join the motion to dismiss, (Docket Nos. 33, 43), which the

Court granted, (Docket Nos. 35, 45).

sion[s] couched as … fact[ ]" or that "merely parrot the elements of the cause of action." *Id.* Second, the court treats as true the non-conclusory factual allegations in the complaint, even if seemingly unrealistic. *Id.* (citing *Iqbal*, 556 U.S. at 681, 129 S.Ct. 1937). From these factual allegations, omitting legal conclusions, the inference of the defendants' liability must be reasonable to withstand a motion to dismiss. *See id.* at 13.

## DISCUSSION

■ Cruz brings constitutional claims pursuant to 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, *Graham v. Connor*, 490 U.S. 386, 393, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), but rather it "renders persons acting under color of state law liable for constitutional and federal-law violations," *Elena v. Municipality of San Juan*, 677 F.3d 1, 6 (1st Cir.2012).[3] In order to state a section 1983 claim, a plaintiff must adequately allege that: (1) he was deprived of a federally secured right; and (2) the challenged conduct transpired under color of state law. *See Santiago v. Puerto Rico*, 655 F.3d 61, 68 (1st Cir.2011). A section 1983 conspiracy claim must sufficiently allege a conspiratorial agreement as well as the actual deprivation of the plaintiff's rights. *See Nieves v. McSweeney*, 241 F.3d 46, 53 (1st Cir.2001). Defendants, all prison officials at the Guayama Correctional Institution, do not contest that they acted under color of state law. The Court will thus focus its analysis on the second element of section 1983: whether defendants' conduct violated Cruz's constitutional or federally-secured rights. In support of dismissal, defendants argue that the complaint fails to: state a Fourth Amendment claim; plead sufficient facts to state an Eighth Amendment claim under the *Iqbal* plausibility standard; and state a cognizable Fourteenth Amendment claim. *See* Docket No. 17. The Court addresses each argument in turn.

## *Fourth Amendment Claim*

■ The complaint alleges that defendants "maliciously retained and illegally jailed [Cruz]" by denying him ESP time credit which resulted in his prolonged incarceration. (Docket No. 1 at p. 6.) It is unclear from the complaint whether Cruz seeks relief for false arrest, false imprisonment, or malicious prosecution, all of which can constitute Fourth Amendment violations.[4] *See Calero–Colon v. Betancourt–Lebron*, 68 F.3d 1, 3 (1st Cir.1995).

■ Broadly stated, the Fourth Amendment protects individuals against unreasonable searches and seizures. *See* U.S. Const. amend. IV. An "unreasonable seizure" within the meaning of the Fourth Amendment encompasses false imprisonment and its subset, false arrest, *Camilo–Robles v. Hoyos*, 151 F.3d 1, 6 (1998), both of which arise out of restraints on bodily movement or "detention *without legal process*," *Harrington v. City of Nashua*, 610 F.3d 24, 29 (1st Cir.2010) (citing *Wallace v. Kato*, 549 U.S. 384, 389, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)). The shared elements of false-imprisonment and false-arrest claims are typically that "(1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the defendant had no

---

**3.** Puerto Rico is considered a state for section 1983 purposes. *Elena*, 677 F.3d at 6.

**4.** As in previous cases, the Court assumes that malicious prosecution may, in some circumstances, "embody a violation of the Fourth Amendment and thus ground a cause of action under section 1983." *See, e.g., Nieves*, 241 F.3d at 54.

privilege to cause the confinement." *Calero–Colon,* 68 F.3d at 3 n. 6.

 The common-law cause of action for malicious prosecution, on the other hand, permits damages for detention accompanied by *"wrongful institution of the legal process,"* *Harrington,* 610 F.3d at 29, or unjustifiable criminal charges and procedures, *see Calero–Colon,* 68 F.3d at 3. The elements of a malicious prosecution claim are "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff; (2) the termination of the proceeding in favor of the accused; (3) the absence of probable cause for the criminal proceeding; and (4) actual malice." *Calero–Colon,* 68 F.3d at 3 n. 5.

Insofar as Cruz brings a false-arrest or false-imprisonment claim, he never makes clear the defendants' involvement in his first or second round of confinement—through an arrest or otherwise. *See Nieves,* 241 F.3d at 55 ("[A] seizure under Fourth Amendment jurisprudence is generally a discrete event, quintessentially an arrest or at least a physical detention." (internal citations omitted)). Cruz does not allege that any defendant participated in his initial arrest or incarceration. Although he alleges that he was granted release pursuant to the ESP program only to be wrongly re-incarcerated thereafter, Cruz fails to allege that any defendant participated in his second arrest or re-incarceration. Even so, in neither instance of incarceration does Cruz allege that defendants were without privilege to cause the confinement. Cruz thus fails to state a false arrest or false imprisonment claim.

Cruz's malicious-prosecution claim, to the extent that he brings one, is similarly doomed. Cruz fails to allege that any of the defendants participated in the commencement or continuation of the criminal proceedings against him, or that the defen-

dants lacked probable cause to detain him pursuant to such proceedings, for that matter. *See Nieves,* 241 F.3d at 54 ("Generally, the offending legal process [of a malicious prosecution claim] comes either in the form of an arrest warrant ... or a subsequent charging document...." (internal citations omitted)). Although in error, Cruz was apparently re-incarcerated pursuant to proper legal process. Cruz thus fails to state a malicious-prosecution claim.

Accordingly, Cruz's Fourth Amendment claim is **DISMISSED** for failure to state a claim.

### Eighth Amendment Claim

 Cruz alleges that defendants acted with deliberate indifference in denying his requests for the time credit due on his prison sentence and causing his detention to be improperly extended eight months. *See* Docket No. 1. The Eighth Amendment to the United States Constitution protects convicted individuals from "cruel and unusual punishments." U.S. Const. amend. VIII. Federal courts generally recognize a prisoner's confinement beyond the termination of his sentence as violative of this constitutional right where the continued incarceration lacks penological justification and is the product of deliberate indifference. *See Hernandez v. Castillo,* No. 09–1569 PG, 2010 WL 3372527, at *7 (D.P.R. Aug. 24, 2010), *aff'd,* 663 F.3d 527 (1st Cir.2011); *accord Campbell v. Peters,* 256 F.3d 695, 700 (7th Cir.2001); *Sample v. Diecks,* 885 F.2d 1099, 1108, 1110 (3rd Cir.1989); *Haygood v. Younger,* 769 F.2d 1350, 1354–55 (9th Cir.1985). *But see Jones v. City of Jackson,* 203 F.3d 875, 880–81 (5th Cir.2000) (finding incarceration beyond expiration of sentence to be properly analyzed under the Fourteenth Amendment's Due Process Clause and rejecting Eighth Amendment implications).

■ To state an Eighth Amendment claim for incarceration without penological justification, a plaintiff must sufficiently plead that: (1) a prison official had knowledge of the prisoner's problem, (2) "the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight," and (3) a "causal connection" existed "between the official's response to the problem and the unjustified detention." *Sample*, 885 F.2d at 1110. "This three-pronged test highlights the importance of notice in establishing the defendant's deliberate indifference and thus in proving an affirmative link between the prison official's conduct and the prisoner's constitutional harm." *Hernandez v. Castillo*, 2010 WL 3372527, at *11 (citing *Moore v. Tartler*, 986 F.2d 682, 686 (3rd Cir.1993)). Regarding the first requirement, the complaint arguably puts forth two possible instances of notice. First, Cruz alleges that he commenced administrative proceedings on July 8, 2013, (Docket No. 1 at p. 5), and contends that defendants "had official knowledge" of his prolonged detention because "[Cruz] exhausted all administrative remedies before going to court," *see* Docket No. 26 at p. 6. Cruz, however, fails to allege which officials were on notice simply by virtue of his use of the administrative process.

Second, Cruz alleges that *"most of the defendants* participated" in his *habeas* hearing before the Guayama Superior Court, who ruled that "the denial of [his ESP] credit was unfounded." (Docket No.1 at p. 6 (emphasis added).) Again, those vague allegations of notice are inadequate. Missing from Cruz's allegations are facts such as when the *habeas* hearing occurred and which of the defendants participated in it (and would therefore have been on notice). Even assuming all of the defendants were at the *habeas* hearing, the denial of Cruz's ESP time credit occurred at some point *before* the hearing. The complaint thus fails to plead adequately that defendants were on notice that Cruz had been improperly deprived of ESP time credit at the time of his illegal confinement.

■ Even if defendants were aware of Cruz's unlawful detention, Cruz must also plead that defendants demonstrated deliberate indifference to his plight. "Not every official who is aware of a problem exhibits deliberate indifference by failing to resolve it." *See Sample*, 885 F.2d at 1110. In order to state a cognizable Eighth Amendment violation, a plaintiff must not only allege that each individual defendant was aware of his problem, but that each defendant deliberately ignored the situation by taking no action or ineffective action. *See, e.g., Russell v. Lazar*, 300 F.Supp.2d 716, 719 (E.D.Wi.2004) (finding plaintiff stated valid Eighth Amendment claim where he alleged that he had informed defendants of his mistakenly miscalculated sentence and defendants deliberately ignored his requests to re-calculate it).

Cruz conclusorily alleges that he was wrongly detained for eight months after he completed his sentence because defendants "follow[ed] an illegal scheme," intentionally ignored "the case law" and "condon[ed] ... the unlawful policies of their fellow officers and employees." *See* Docket No.1 at pp. 2, 6. Without facts regarding defendants' actions, manner of involvement, or scope of official duties, the complaint lacks sufficient information to determine or even reasonably infer whether defendants' actions demonstrated deliberate indifference. The Court agrees with defendants that it is impossible to discern from the complaint "who did what and when." *See* Docket No. 17 at pp. 9–10.

In sum, Cruz fails to allege adequately that each defendant knew he was illegally denied ESP time credit or demonstrated deliberate indifference toward the situation, and has therefore failed to state a valid Eighth Amendment claim. Cruz's Eighth Amendment claim is accordingly **DISMISSED**.

### Fourteenth Amendment Claim

Cruz alleges that defendants violated his Fourteenth Amendment rights when they deprived him of liberty, both without legal process, see Docket No.1 at p. 6, and "by perverting the legal process," *id.* at p. 7. In his opposition, Cruz also claims that defendants intentionally denied his requests for liberty at all stages of the administrative process. *See* Docket No. 26 at p. 6.

The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving a person of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This guarantee has both substantive and procedural components, although Cruz's "very rough skeletal pleading" never informs "whether [d]efendant[s] [are] sued for violating substantive or procedural due process." *See Hernandez*, 2010 WL 3372527 at *12 n. 9 (refusing to "expend unnecessary judicial resources to make up for [plaintiff's] inadequately-pled and unadorned Fourteenth Amendment due process claim"). Regardless, the Court finds that Cruz fails to sufficiently plead either type of Fourteenth Amendment violation.

■ To state a procedural due process claim, the plaintiff must show that (1) he was deprived of a protected liberty or property interest and (2) "the defendants, acting under color of state law, deprived [him] of that interest without constitutionally adequate process." *Gonzalez–Droz v. Gonzalez–Colon,* 660 F.3d 1, 13 (1st Cir. 2011). It is not enough to allege that a deprivation of a liberty has occurred, however: absent allegations regarding the constitutional adequacy of state remedial procedures, a complaint fails to state a procedural due process claim. *Rumford Pharmacy, Inc. v. City of E. Providence,* 970 F.2d 996, 999 (1st Cir.1992).

■ Cruz alleges that he was deprived of his constitutionally protected liberty interest when he was confined beyond his prison sentence, and that the denial of his ESP credits was founded on an improper invocation of Article 10–B of Law 49. *See* Docket No. 1 at pp. 6–7. The complaint mentions neither ACR's procedural safeguards for awarding or denying ESP credits nor the remedies available for erroneous detentions as a result of that program. Without more information regarding the state remedial procedures, Cruz's procedural due process claim fails. *See Hernandez*, 2010 WL 3372527 ("Plaintiff fails to point to any DOC regulation or policy establishing a procedure that Defendant failed to follow in order for the Court to be able to determine what process was due.").

■ Substantive due process bars "certain government actions regardless of the fairness of the procedures used to implement them," *Daniels v. Williams,* 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). And its use is limited to abuses of power that "shock the conscience," *see County of Sacramento v. Lewis,* 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). As an initial matter, it is unclear whether the First Circuit Court of Appeals recognizes a substantive due process cause of action for detention beyond a prisoner's sentence. In any event, the Supreme Court has instructed that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific

provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 271 n. 7, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997) (citing *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). As such, the Court agrees with defendants that "[p]laintiff's claim of incarceration beyond the termination of his prison sentence [should] be viewed under the purview of the Eighth Amendment," rather than the Fourteenth Amendment. *See* Docket No. 17 at p. 15.

For these reasons, Cruz's Fourteenth Amendment claim is **DISMISSED.**[5]

### QUALIFIED IMMUNITY

In analyzing qualified immunity claims, courts decide "(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was 'clearly established' at the time of the defendant's alleged violation." *Maldonado v. Fontanes*, 568 F.3d 263, 269 (1st Cir.2009). The "clearly established" prong has two aspects: the clarity of the law at the time of the alleged violation, and whether a reasonable official would understand that his conduct violated the plaintiff's constitutional rights. *Id.*

Because Cruz has not alleged the violation of a constitutional right, the Court need not resolve defendants' request for qualified immunity.

### STATE LAW CLAIMS

Plaintiff Cruz also brings state-law claims pursuant to Puerto Rico's Constitution and general tort statutes. *See* Docket No. 1. Defendants contend that dismissal of Cruz's supplemental claims is warranted if the Court dismisses the federal-law claims and if no other cognizable basis for federal jurisdiction exists. *See* Docket No. 17 at p. 19.

A district court is authorized to decline adjudication of lingering state-law claims after it has dismissed "all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3). District courts are afforded broad discretion in making decisions regarding supplemental jurisdiction, and must examine the totality of the circumstances in exercising that discretion, *see Chungchi Che v. MBTA*, 342 F.3d 31, 37 (1st Cir.2003), including "concerns of comity, judicial economy, convenience, fairness, and the like," *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 257 (1st Cir.1996). With no valid federal-law claims against defendants remaining, the Court, having considered these factors, declines to retain supplemental jurisdiction.

### CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss, (Docket No. 17), is **GRANTED.** Cruz's federal claims are **DISMISSED with prejudice.**

Cruz's claims pursuant to the Constitution and laws of Puerto Rico are **DISMISSED without prejudice.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

---

5. "In order to make out an actionable conspiracy under section 1983, a plaintiff has to prove not only a conspiratorial agreement but also an actual abridgment of some federally-secured right." *See Nieves*, 241 F.3d at 53. Because Cruz does not sufficiently allege the deprivation of any constitutional or federally-secured rights, he has no conspiracy claim.